Daniel, Judge,
 

 having stated briefly the pleadings, proceeded : — The inquisition was
 
 prima fade
 
 evidence that Robert Carr was a lunatic, and had been and continued so from the month of November, 1827. The contracts mentioned in the pleadings would be declared void, if resting upon that evidence alone. To repel the force of the inquisition, and in support of his answer, the defendant has taken the depositions of many persons. The plaintiff, to sustain the allegations in the bill, and support the inquisition, has also taken many depositions. From the conflict of the testimony given, either of the parties might have had an issue, if it had been asked for. But as it has not been asked for, we have ourselves examined the depositions and proofs in the cause, and are satisfied upon the weight of the evidence, and so find and declare, that Robert Carr was, and continued to be a lunatic, as mentioned in the inquisition ; and that he was a lunatic, or of unsound mind, at the several times when the supposed contracts mentioned in the pleadings,'were entered into. A lunatic has no legal capacity to contract; yet a court of equity will not interfere where the lunatic has actually had the benefit of the property of the defendant, if the contract was made in good faith, without knowledge of the lunacy or incapacity, and where no advantage has been taken of the situation of the party. If the transactions were
 
 bona fide
 
 on the part of the defendant, the court will not deprive him of the advantages he has obtained without restoring to him whatever benefit the estate of the lunatic has received in consequence of the contracts. The
 
 *346
 
 cases cited by the defendant’s counsel support the above-mentioned positions.
 
 Loomis
 
 v.
 
 Spencer,
 
 2 Paige’s Ch. Rep. 153.
 
 Neil
 
 v.
 
 Morley,
 
 9 Ves. Jun. 477. The Court therefore directs a
 
 reference to
 
 the
 
 master, and an
 
 inquiry to be made, whether the estate of the lunatic has received benefit by the sales and transactions mentioned in the pleadings, and to what extent. And the master will report
 
 specially
 
 upon each of the contracts, what was the true value of each of the things sold by the defendant and received by the lunatic; and whether the plaintiff can make restoration to the defendant of all or any of the articles so purchased. The report may, and probably will, contain matter material to the inquiry into the good or bad faith with which the defendant contracted, and therefore the Court reserves that point for the present.
 

 Per Curiam. Direct a reference.