JOSEPH H. RIGGAN and others v. SIMON T. GREEN and others.

*Deed of one, non compos—when valid.*

A deed executed by a lunatic is voidable only and not void; and equity will not interfere to set aside such deed, where the grantee cannot be put *in statu quo*, or where the benefit received by the grantor is actual and of a durable character; *Therefore,* in an action by the heirs to recover land upon the ground of incapacity of their ancestor to make

a deed, and it appeared that the purchaser paid full value, without advantage taken and without notice of such incapacity, that the deed was attested by a brother and two sons of the grantor, and the purchase money used for the benefit of himself and family; *It was held,* that they were not entitled to recover.

(*Hogan* v. *Strayhorn*, 65 N. C., 279 ; *Hare* v. *Jernigan*, 76 N. C., 471 ; *Carr* v. *Holliday*, 1 Dev. & Bat. Eq., 344, cited and approved.)

CIVIL ACTON heard upon exceptions to referee's report, at Spring Term, 1878, of FRANKLIN Superior Court, before *Seymour, J.*

The plaintiffs as heirs at law of Joseph H. Riggan, sued to recover a tract of land, and defendants claim the same land under a deed of plaintiffs' ancestor to James T. Brown and a deed from Brown to them. The plaintiffs' reply to the defence set up that the deed of Joseph H. Riggan to James T. Brown was executed at a time when the grantor was of unsound mind and not of capacity to execute a deed, and to this the defendants rejoin, that they and Brown under whom they claim purchased of Riggan for full value and without notice of any incapacity on his part to make the sale, and that the purchase money paid went to the benefit of the grantor and his family.

After the parties were at issue on pleadings filed as aforesaid, the cause was by consent referred to William H. Battle as referee, with power, sitting as a chancellor, to decide upon the facts and all matters of law and equity, and with liberty to the parties to except only to his legal conclusions.

The referee made report of the facts found and his conclusions of law thereon adverse to plaintiffs' right of recovery, and on exception to his conclusions of law, His Honor overruled the exception and gave judgment in conformity to the report, and the plaintiffs appealed.

*Messrs. Batchelor & Edwards,* for plaintiffs.
*Messrs. J. J. Davis* and *Gilliam & Gatling,* for defendants.

DILLARD, J. (After stating the case.) Under our present system the distinctive principles formerly applicable in the separate courts of law and equity are now to be recognized in the superior courts, and such a judgment and decree is to be pronounced, as the equitable rights of the parties may require. And in conformity to this idea, the order of reference in this case was drawn, giving the referee power to deal with the matters under investigation, as a chancellor under a bill to set aside the deed of a lunatic. Considered in this point of view, it becomes material to inquire what is the effect of the deed of a lunatic for land, and for what and under what circumstances will such a deed be set aside, and a recovery allowed of the property conveyed.

The doctrine as to the effect of the deed of a lunatic is thus laid down by Blackstone, vol. 2, p. 295 : "Idiots and persons of non-sane memory, infants and persons under duress, are not totally disabled to convey or purchase, but *sub modo* only; for their conveyances and purchases are voidable and not actually void." In 2 Kent's Commentaries, 451, it is said, "that sanity is to be presumed until the contrary be proved, and therefore by the common law a deed made by a person *non compos mentis* is voidable only, and not void." By our statute law, a deed executed and *registered* passes a seisin, and by the decisions under said statute registration of a deed of bargain and sale is equivalent to livery of seisin in a feoffment; Bat. Rev. ch. 35, § 1; *Hogan* v. *Strayhorn,* 65 N. C., 279; *Hare* v. *Jernigan,* 76 N. C., 471; and therefore we conclude that the deed of Joseph H. Riggan availed to.pass an estate to James T. Brown, and the same was valid until by action of the grantor or his heirs the same is avoided.

Such being the operation of the deed, and this action

being brought in a court competent to recognize and administer the legal and equitable rights of the parties in the same suit, it remains to determine how the court ought to have dealt with the subject matter involved therein.

Courts of equity ever watch with a jealous care every contract made with persons *non compos mentis*, and always interfere to set aside their contracts however solemn, in all cases of fraud, or when the contract or act is not seen to be just in itself, or for the benefit of such persons; but when a purchase is made in good faith, without knowledge of the incapacity, and no advantage is taken, for a full consideration, and that consideration goes manifestly to the benefit of the lunatic, courts of equity will not interfere therewith. 1 Story Eq., §§ 227, 228; 1 Chitty on Contracts 191 ; *Molton* v. *Camroux*, 2 Exc. 487. If a court of equity in any case sets aside the deed of a *non compos*, it will ordinarily administer the equity of having him to pay back to the other party the money or other thing received of him. And when it appears that the consideration is full and the lunatic is not able to put the other party *in statu quo*, or, if the benefit received is actual and of a durable character, in either case, the courts of equity will not be inclined to set aside the conveyance. *Carr* v. *Holliday*, 1 Dev. & Bat. Eq., 344, and same case, 5 Ire. Eq., 167.

Now in the light of these principles what ought to have been the conclusions of law by the referee on the facts found and set forth in his report, and what should have been the judgment in the court below on the exceptions taken to referee's conclusions of law ? It is expressly found as a fact that the $500 paid by Brown to Riggan was the full value of the thirty acres conveyed to him, and that the same went to extinguish an execution against the lunatic in the hands of an officer, and that by means thereof the said Joseph H. Riggan was enabled to keep and occupy, till his death, another piece of land designated as his homestead, which now

by descent, belongs to plaintiffs; that the deed to Brown was executed in the family of the grantor, and attested by a brother and two sons of the grantor, and that Brown and the defendants claiming under him, have ever since held and used the said land as their own, and made large improvements without objection or any interposition by the grantor or any other on his behalf; and it is further found as a fact, that the purchase of defendants was for full value and without notice of any incapacity in Joseph H. Riggan. From such a state of facts, it would be apparent to the chancellor, and he would so decide, that a rescission of the deed would produce no benefit to the plaintiffs if coupled with the duty and obligation to replace defendants *in statu quo*, whilst it would be a great inconvenience and injustice to the defendants, and thereupon the conclusion would be not to interfere to set aside the deed, but leave the same to be operative and valid. And it is therefore our opinion that the referee was correct in his conclusions of law, and no error was committed by the judge in the court below in overruling the plaintiffs' exception.

No error.                                    Affirmed.