ARA BRITTAIN v. S. E. MULL et als.

### Clerk—Special Proceeding—Appeal.

1. When a Special Proceeding comes before the Clerk, it is his duty to transfer the matter, if issues of fact are joined, to the civil issue docket, in order that the issues may be tried by a jury.

2. In such case, when the issues are tried, it is the duty of the Clerk to proceed at once to act upon the case, without waiting for any order of the Judge.

3. So when certain issues of fact were joined in a special proceeding, which were carried to the civil issue docket and tried, and at a subsequent term the plaintiff, moved before the Judge in Term for an order affording the relief demanded which was refused, and on appeal this order was affirmed, on the ground that it was the duty of the Clerk to proceed ; and when the certificate went down, the Clerk entered a judgment refusing the relief, on the ground that he could only act under an order of the Judge, which on appeal to the Judge, was affirmed. *It was held* to be error, as the Clerk should have proceeded to act on the merits of the case, just as if there had been no appeal.

(*Brittain* v. *Mull*, 91 N. C., 498 ; *Jones* v. *Desern*, *Ante* 32, cited and approved).

Special Proceeding, heard on appeal from an order of the Clerk, by *MacRae, Judge*, at Chambers in MORGANTON on May 28, 1885.

This is a Special Proceeding, brought by the plaintiff in the Superior Court of Burke county, to obtain dower. The appellant filed her petition to that end, before the Clerk of the Court. The defendants answered, raising issues of fact and questions of law, and among other things, they allege that the petitioner joined the administrator of her deceased husband, and his heirs-at-law, in a special proceeding to sell the land, in which she claimed dower, to make assets to pay debts, and in that proceeding, she had by express stipulation, "waived" her right of dower; had received her share of the fund raised by a sale of the land, and was estopped to claim dower in this proceeding. The petitioner replied, that at the time of the alleged " waiver," and the judgment in the proceeding referred to, she was insane, and incapable of giving her assent in that respect; that she was entrapped, and the judgment was fraudulent and void as to her.

At the Fall Term, 1881, of that court, the following issues were submitted to the jury, to which they responded in the affirmative:

I. "Did the plaintiff, by her agreement in the clerk's office, in 1877, waive her right of dower in the land?"

II. "Was such waiver void by reason of plaintiff's mental incapacity?"

The clerk did not then proceed, as he ought to have done, to take further action in the matter.

But at a subsequent term, the petitioner moved, " 1st. To strike papers from the files.

"2nd. To remand cause to the probate court.

"3rd. To have dower assigned the plaintiff."

The Court denied these motions, and the petitioner appealed to this Court. In that appeal, (*Brittain* v. *Mull*, 91 N. C., 498,) this Court affirmed the order appealed from.

The Superior Court, at a subsequent Term, made simply this entry : "Judgment according to certificate of Supreme Court filed."

At a subsequent day, in vacation, counsel for the petitioner moved before the clerk of the court, that he make an order directing the "assignment of dower to the plaintiff in the above entitled case, in accordance with the decision of the Supreme Court herein filed."

The clerk declined to take any action, upon the ground that he could not act in the matter, as the Court, (the Judge,) had made no order, other than simply "judgment according to certificate," and overruled the motion for dower. Thereupon, the petitioner excepted and appealed to the Judge in Term, and that Court, after reciting that it was of opinion that the clerk had decided the motion substantially upon the merits of the whole matter, (notwithstanding the clerk had said and decided that he could not act, for the reason stated,) affirmed the order appealed from, and the petitioner thereupon appealed to this Court.

*Mr. E. C. Smith,* for the plaintiff.
*Mr. Armistead Jones,* for the defendants.

MERRIMON, J. (after stating the facts). When this case was before us by a former appeal, we did not then decide that the appellant was, or was not entitled to dower as she claimed to be. That question was not then presented. We said in plain terms, that "the issues having been passed upon by the jury, and their finding entered of record, the clerk seeing this, in the course of procedure in the proceeding, ought to have taken further action in that behalf, according to law, without any special instruction from the Court. The findings of the jury put the issues of fact out of his way, and accepting the facts in issue as found by the jury, he should have taken further action." *Brittain* v. *Mull,* 91 N. C., 498.

When, therefore, the certificate of the opinion of this Court went down to the Superior Court, it should have been filed, and

the judgment of affirmance entered, as it appears was done. The Clerk, acting as and for the Court, ought then, without any order of the Court made by the Judge, in or out of Term, to have proceeded in the proceeding to take further action, just as if no appeal to this Court had been taken. That is, he ought to have decided any question properly presented by the pleading and the findings of the jury upon the issues tried before the Judge in term. Among these, we can see—the jury having found that the appellant was insane at the time the alleged "waiver" was given in the proceeding collateral to the present one—that he ought to have decided, first, whether or not the alleged "waiver" operates as a bar to the appellant's right of dower; and secondly, could the "waiver" and judgment in the proceeding other than this, referred to, be attacked collaterally in this proceeding, and whether or not, as the petitioner was insane at the time the "waiver" was given, it and the judgment were absolutely void as to her. He ought to have decided these, and perhaps other questions presented, and either party would have had a right to appeal from his decisions to the Judge at Chambers, and the decision of the Judge, in that case, would have prevailed as the judgment of the Court, unless an appeal should have been taken from his decision to this Court, which might be done.

The Clerk misapprehended the nature of his duties. He seems to have thought that he was exercising jurisdictional functions, separate and distinct from those of the Superior Court, whereas he was not called upon to do so; he was to act as and for that Court, and so acting, his decision would stand as that of the Court, unless there should be exception thereto and appeal taken to the Judge, as indicated above. The statute makes it the duty of the Clerk " to hear and decide all questions of practice and procedure in this (the Superior) Court, and all other matters, whereof jurisdiction is given to the Superior Court, unless the Judge of said Court, or the Court at a regular Term thereof, be expressly referred to." The Code, §251. This pro-

vision applies to special proceedings, and how and why it applies is explained in *Jones* v. *Desern, ante,* 32.

It was not the duty of the Judge in Term, after the issues were tried—there being no question of law to be decided,—to direct the Clerk what to do, or to make an order remanding the case to the Clerk. The latter ought to have proceeded without an order, and heard and determined the case upon its merits, subject to the right of appeal to the Judge. *Brittain* v. *Mull, supra.*

We are not authorized to decide the questions of law presented by the pleadings and the issues of fact found by the jury, because they have not been decided by the Clerk, acting for the Court, and, upon appeal, by the Judge. They are not before us. If the Clerk should decide that the appellant is estopped by the "waiver," and the judgment in the proceeding in which it was given, then it would seem that he would dismiss the petition, unless she should appeal to the Judge. If, on the other hand, he should, for any reason, decide that she is not barred, the defendants in the proceeding would have the like right of appeal. This, however, is merely suggestive. It will be the duty of the Clerk, acting for the Court, to decide whatever question may be presented, and to make all proper orders.

We think the Court erred in holding that the Clerk had virtually decided the case upon its merits. It is true, he recites a history of the proceedings preparatory to his order denying the motion to have dower assigned, but he expressly declined to act, and decide the case upon its merits, upon the ground, that he was of opinion, that he could not act until the Judge had taken further action and made some order. The order overruling the motion is plainly based upon this ground. The appellant, obviously, has the right to have the questions of law raised, decided according to the course of procedure prescribed by the statute.

The order of the Court made in term must be reversed, and the Court will direct the Clerk to proceed in the proceeding according to law. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                                    Reversed.