ARA BRITTAIN v. S. E. MULL et al.

*Parties—Judgment—Jurisdiction.*

1. Where the record shows that a person was a party, and the Court had jurisdiction of the subject of the action, a judgment therein cannot be collaterally attacked, on the ground that the person was not in fact a party. The proper remedy is by a direct proceeding to correct the record and vacate the judgment. The fact that the party complaining was at the rendition of the judgment a lunatic or infant, constitutes no exception to this rule.

(*Vide*, S. C., 91 N. C., 498, and 94 N. C., 595.)

This was a SPECIAL PROCEEDING, heard by *MacRae, J.,* on the Spring Circuit, 1887, upon an appeal from the Clerk of the Superior Court of BURKE County.

This action was commenced in the Superior Court of Burke, before the Clerk, in February, 1880, by the plaintiff, who is the widow of James Brittain, who died intestate in 1876, possessed of the lands described in the petition, against the administrator and heirs at law of her deceased husband, and Sarah Mull, as the purchaser of the land of the deceased husband, at a sale thereof made, to. make assets to pay the debts of the deceased, there being a balance due from the estate of said deceased of the purchase money for said land.

On the hearing before the Clerk, August 30th, 1886, the following facts, as appears from the statement of the case, were found by him:

That plaintiff filed her petition for dower in said land in January, 1877, and afterwards had said action dismissed, and, in said action, waived her right of dower in said land.

That subsequently, to-wit, on the 24th day of February, 1877, the plaintiff, Ara Brittain, joined with S. E. Mull, the administrator of her deceased husband, and the heirs at law of her said husband, and filed a petition against Marcus Brittain, an infant heir, asking for a sale of said land, for the purpose of creating assets in the hands of the administrator to pay debts.

The said Ara Brittain, being a plaintiff in said action, and stating that "said land was subject to her dower," "but which right has been heretofore and is hereby waived," agreed to take a child's part in lieu of dower.

That said land was duly sold, and Sarah Mull became the purchaser, and paid the sum of $815.00 for said land, and the title was duly executed to her.

That on the 26th February, 1880, plaintiff began this action of dower against the administrator and heirs at law of her deceased husband and Sarah Mull, the purchaser of the land.

That at Fall Term, 1881, of Burke Superior Court, the following and only issues were submitted to a jury without exceptions, and found as follows:

1. Did plaintiff, by her agreement in the Clerk's office in 1877, waive her right of dower in said land? Answer. Yes.

2. Was such waiver void by reason of plaintiff's mental incapacity? Answer. Yes.

That on said verdict no judgment or order was entered, and no motion made by plaintiff, until Spring Term, 1883.

That at Fall Term, 1882, the original answer of defendants having been lost, the Court ordered, by consent of parties, that the defendants have leave to supply the answer so lost or mislaid.

That at Spring Term, 1883, the plaintiff moved:

1. To strike papers from the files, with the answers filed by leave of the Court, at Fall Term, 1882, to supply the place of the original answer.

2. To remand cause to Probate Judge.

3. To have dower assigned to the plaintiff.

Which three motions were refused by the Court, and the plaintiff appealed.

And on return of certificate from Supreme Court, plaintiff moved, before the Clerk, for dower, which motion he refused, and plaintiff appealed.

And this cause coming on now to be heard, the Court is of opinion, and finds, as matters and conclusions of law, that as the jury found by the issues that the waiver by plaintiff of her dower was void, by reason of plaintiff's incapacity, said waiver does not operate as a bar to her right of dower, but the Court is of opinion that the waiver and judgment could not be attacked collaterally in this proceeding, but should be attacked by a direct proceeding.

The Court is of opinion, and finds as a conclusion of law, that the plaintiff also waived her dower in the proceeding

entitled S. E. Mull, administrator, et al., *v.* Marcus Brittain, wherein the plaintiff joined with the administrator and heirs against Marcus Brittain, an infant heir, in a petition asking for a sale of the lands to create assets, to pay debts, plaintiff alleging "that her right to dower had been heretofore, and is hereby waived," at which sale Sarah Mull became the purchaser. These facts are set up, and the estoppel pleaded in the amended answer filed, by leave of the Court, at Fall Term, 1882, and plaintiff excepts to the Court considering said answer as being filed. This, the Court finds, operates as a bar to plaintiff's dower, and she is estopped, certainly, until the waiver and judgment in the proceeding entitled S. E. Mull, administrator, et al., *v.* Marcus Brittain, is reversed by a direct proceeding for that purpose, if not estopped, until the waiver and judgment in the proceeding entitled Ara Brittain *v.* Robert Brittain, is reversed by a direct proceeding for that purpose.

Whereupon it is adjudged by the Court, that plaintiff's motion be overruled, and the action be dismissed, and judgment entered against the plaintiff for costs.

From the above order the plaintiff appealed.

The following are the plaintiff's exceptions to the findings of fact, and conclusions of law, by the Clerk :

1. That the Clerk has found, without any evidence, that plaintiff waived her right of dower in the action pending in the Superior Court of Burke County, entitled Ara Brittain *v.* Robert Brittain and others, and plaintiff asks that the record in said action (being the evidence upon which said finding is based) be set out in the Clerk's statement on appeal.

2. That the Clerk finds that the petitioner was a party plaintiff, and waived her dower, in the case of S. E. Mull, administrator, et al., *v.* Marcus Brittain, and that she agreed to take a child's part in lieu thereof. Whereas, her name

does not appear in the summons in said action, and in the petition, where her name does appear, there is nothing said about taking a child's part; plaintiff, therefore, asks that the Clerk amend his findings so as to state the record as it is, and that he further find, whether or not there is any mention in the order of sale, in said action, as to any waiver of dower, or said land being sold free from dower.

3. That the name of plaintiff not appearing in the summons in said case of S. E. Mull, et al., *v.* Marcus Brittain, she is not estopped thereby, and the order of sale (or judgment, so-called,) does not estop her, because there is no mention of dower being waived in said order (or judgment).

4. That there is no need of any direct proceeding to set aside a judgment which does not mention plaintiff, and where the plaintiff's name does not appear in the summons, either as plaintiff or defendant.

5. That there is no estoppel as to plaintiff in the case of Ara Brittain *v.* Marcus Brittain and others, for the reason that the jury (in this case) only find (and the verdict of the jury is the only evidence of any estoppel) that there was an agreement in the Clerk's office, in 1887, to waive her dower, but whether said agreement was a matter of record, does not appear, and as no estoppel of record was, at that time, pleaded by the defendants, it must be held to embrace only a verbal agreement. (See original answers of defendants, and verdict of the jury).

6. The defendant Sarah Mull cannot claim as an innocent purchaser, for the reason, that no order was made that said land be sold free and discharged of plaintiff's right of dower; there is no record in the case of Ara Brittain *v.* Robert Brittain and others, of any waiver of dower by plaintiff, and the order of sale in the case of S. E. Mull and others *v.* Marcus Brittain, makes no mention of plaintiff's dower, or any waiver thereof.

7. For that the verdict of the jury embraces only a verbal

agreement, and the defendants, having failed to suggest any other issues at the time said issues were tried, have waived their right to do so now, and though no formal order or judgment was then made or rendered on said verdict, the law prescribes that the judgment is the one that should have been rendered at that time.

8. The jury having found that the plaintiff was insane at the time of the alleged waiver by plaintiff, said waiver is void as to her.

9. The Judge of the Superior Court only ordered that defendants be allowed to supply their answers, not to amend, or set up any new defence, and plaintiff insists, that if said order could be so construed as to allow her to set up a new defence, there was no jurisdiction in the Court to make said order, especially after verdict.

Upon the hearing of this appeal, the following judgment was rendered:

This cause coming on to be heard before MacRae, J., on the 19th day of March, 1887, and being heard, now it is considered, on the facts found by the Clerk, and adopted as the findings of the Judge, that the motion be denied, and the judgment of the Clerk be affirmed.

From which, the plaintiff appealed.

No counsel for plaintiff.
*Mr. S. J. Ervin*, for the defendants.

DAVIS, J., (after stating the case). This is the third time that this case has been before this Court.

The first appeal (91 N. C., 498) was from the refusal of the Court below to grant the three motions made at Spring Term, 1883, as set out in this case.

The second (94 N. C., 595) was from the refusal to grant the motions of the plaintiff on the return of the certificate from the Supreme Court in the first appeal.

When the second appeal was before this Court, it was said "that the Clerk, acting as and for the Court," ought to have decided any question properly presented by the pleadings, and "from his decision either party, if dissatisfied, could appeal."

The Court said: "Among the questions we can see, the jury having found that the appellant was insane at the time the alleged '*waiver*' was given in the proceeding collateral to the present one, that he ought to have decided, first, whether or not the alleged "waiver' operates as a bar to the appellant's right of dower; and secondly, could the 'waiver' and judgment in the proceeding, other than this referred to, be attacked collaterally in this proceeding, and whether or not, as the petitioner was insane at the time the 'waiver' was given, it and the judgment were absolutely void as to her. He ought to have decided these, and perhaps other questions presented, and either party would have had a right to appeal from his decision to the Judge, at Chambers, and the decision of the Judge in that case would have prevailed as the judgment of the Court, unless an appeal should have been taken from his decision to this Court, which might be done."

Upon the last trial before the Clerk, the several questions presented were passed upon by him, and judgment rendered, dismissing the plaintiff's action. Upon exception and appeal, his judgment was affirmed by the Judge below, and the assignment of errors of law in those exceptions is now the subject of our review.

The plaintiff says there was "no evidence" to support the finding of the Clerk in regard to the "waiver" of right to dower, and asks that the record be set out in the statement on appeal. This is done, and, upon an inspection, we think there was evidence to support the findings.

The record shows that the petition for dower was filed the 9th day of January, 1877; there was an answer and replica-

tion, and on the 23d of January an agreement was filed, to the effect that the heirs at law of James Brittain would pay the costs of the application for dower, if the widow would dismiss the same and agree that the land should be sold, and after paying " the judgment against it," the balance of the money should be divided 'between the widow and all the heirs, she to take a child's part of the money in lieu of her dower," &c.

The plaintiff's name is not signed to this agreement, but no further action was had upon the petition for dower; and soon thereafter a summons was issued, in the name of "S. E. Mull, administrator of James Brittain, and others, against Marcus Brittain, infant heir of James Brittain," &c., and a petition for a sale of the land in question was filed in the name of "Sidney E. Mull, administrator of James Brittain, and others, naming them, and among them " Ara Brittain, widow," against " Marcus Brittain, infant," &c.

In said petition it is, among other things, alleged "that the whole of the personal estate was allotted to Ara Brittain, widow of the intestate, as a year's allowance," &c.

There was the further statement, that " said land was subject, however, to the dower of the plaintiff, Ara Brittain, the widow of the said intestate, which right has heretofore and is hereby waived."

The plaintiff says that " her name does not appear in the summons in said action, and in the petition, where her name does appear, nothing is said about taking a child's part," &c.

It is true that her name does not appear in the summons, nor does the name of any of the petitioners except that of S. E. Mull, administrator, &c. The summons is issued in the name of "S. E. Mull, administrator of James Brittain, and others, against Marcus Brittain," &c., but in the petition, the names of all the petitioners, including that of the plaintiff, are set out. She was a petitioner, or plaintiff, in that action, not a defendant.

" A plaintiff need not to be *brought* into Court, he *comes* in.. A judgment is of no force against a person as plaintiff, unless the record shows him to be plaintiff. If the record shows him to be plaintiff, when, in fact, he was not, then it stands as where the record shows one to be defendant when he is not. In both cases, the record is *conclusive* until corrected by a direct proceeding for that purpose." *Doyle* v. *Brown*, 72 N. C., 393.

It is true, that, in the order of sale, the case is stated by its title, "S. E. Mull, administrator, &c., plaintiffs, against. Mark Brittain, &c., defendants," but it refers to the petition, recites the necessity of the sale, &c., and adjudges that the land specified in the petition be sold, without any reservation or exception whatever, and it was so sold, the sale confirmed, and title made.

There was no error in the Court below in holding that "the waiver and judgment could not be attacked collaterally in this proceeding." This disposes of the 1st, 2d, 3d, 4th,. 5th, 6th and 7th exceptions of the plaintiff, all of which are based upon alleged irregularities or defects, affecting the proceeding, orders and judgments sought to be thus collaterally attacked, and also of the eighth; for the finding of the jury in this action, that the plaintiff waived her right of dower, but that such waiver was void, by reason of plaintiff's mental incapacity, is not, in any proceedings directly instituted, to vacate or annul the proceedings under which the land was. sold, but is a collateral attack, and cannot be made in this action. If she was insane when the order or judgment was made, however irregular, or erroneous the judgment may have been, it cannot be *collaterally* brought in question. In a direct proceeding to vacate the judgment, the Court can see, and will see, that no injustice is done.

While the judgment stands, the fact that the plaintiff was insane, does not protect her. *Fanshaw* v. *Fanshaw*, Bus., 166; *Armfield* v. *Moore*, Ibid., 157; *Skinner* v. *Moore*, 2 D. & B., 138 ;

*Pigot* v. *Davis,* 3 Hawks, 25; *Williams* v. *Harrington,* 11 Ired., 616; *Marshall* v. *Fisher,* 1 Jones, 111; *Bender* v. *Askew,* 3 Dev., 149; *Riggan* v. *Green,* 80 N. C., 236; *Grantham* v. *Kennedy,* 91 N. C., 148; *Hare* v. *Hollomon,* 94 N. C., 14; *Sumner* v. *Sessoms,* Ibid , 371;. *Burgess* v. *Kirby,* Ibid., 575; *Ward* v. *Lowndes,* 96 N. C., 367; and numerous cases cited in these, all going, with one accord, to show that where there is jurisdiction in · the Court, its action cannot be attacked except by direct proceedings, and that infancy, lunacy, &c., constitute no exception.

The 9th exception cannot be sustained. The amendment was a matter of discretion in the Court below, and it was the judge as to whether the amendment or the supplied answers for those that were lost, were such as were authorized.

No error.