PATRICK ELLINGTON v. H. H. ELLINGTON and W. N. ELLINGTON.

*Idiots and Lunatics, Deeds by— Color of Title.*

1. The deed of a person *non compos* is color of title, and possession under it for seven years ripens into title against those not under disability.

2. A cause of action, to set aside a deed executed by one alleged to have been *non compos*, arises immediately upon its execution, and the period within which the action may be brought is prolonged three years after the restoration of reason, or, if he continues insane, a like period for those to whom the estate would have descended.

3. When one who takes a deed from an alleged lunatic, and goes into the possession of the land described, would have been one of the heirs of the property in the absence of the deed, his possession is adverse, from the delivery of the deed, and the statutory bar of *seven years* is applicable in his favor, against those who would have been tenants in common with him.

CIVIL ACTION, tried before *Graves, J.,* at October Term, 1888, of the Superior Court of VANCE.

The complaint filed in this action, which was begun on December 17, 1887, alleges that Bevil Ellington, being the owner of the tract of land therein described, made up of several parcels and containing about 443 acres, by deed executed in October, 1865, conveyed the same to the defendants Horace Ellington, a son, and William N. Ellington, the husband of his daughter Polly, together with the stock, farming implements and other articles of personal property on the plantation, upon the sole consideration of the support of the grantor and his wife during the residue of their respective lives.

It avers further, in reiterated allegations, that the said Bevil was, at the time, advanced in age, of enfeebled mind and body, unable to understand and measure the consequences of his act, to manage and dispose of his property, from want of legal capacity; and was, moreover, susceptible to undue influence, taking advantage of which, the defendants, by false and fraudulent representations, and the exercise of that control which they had acquired over him, procured the making of said deed for the very inadequate consideration expressed therein.

It states that thereafter the said Bevil broke up farming and went himself to live with his son Horace, in whose house and with whose family he continued to reside until his death in August, 1869, while his wife went to, and took up her abode with, her daughter Polly, were she remained until her death in 1867.

The prayer of the plaintiff, also a son of the said Bevil, is, that said deed be declared and adjudged void for the causes aforesaid, and he be admitted to share in the said property, as in case of an intestacy, and for general relief.

The answer distinctly and in detail controverts all the averments as to an unsound mind and the want of legal

capacity in the said Bevil to make an effectual disposition of his estate; denies the exercise of, or attempt to exercise, any undue or improper influence in procuring the deed, and the alleged inadequacy of the obligation assumed as the consideration of the deed, and sets up a defence, under the statute of limitations, to the action, and the possession under the deed, which, if invalid, is color of title, for more than seven years before the institution of the suit.

The only issue submitted to the jury, and this without objection, was in these words:

"Is the plaintiff's cause of action barred by the statute of limitations?"

Under the instructions of the Court as to the law arising upon the facts admitted, as set out in the complaint, for the purpose only of raising the question of the effect of the lapse of time, and reserving the other matter in controversy in the pleadings, for further trial in the event of the defence under the statute, and from possession under the deed, being overruled, the issue was found in the affirmative.

Judgment being entered in conformity with the verdict rendered in pursuance of the direction given to the jury to so find, upon the facts stated in the complaint, the plaintiff, understood as excepting thereto, appeals.

*Mr. J. B. Batchelor*, for the plaintiff.
*Mr. E. C. Smith*, for the defendants.

SMITH, C. J. (after stating the case). From the time of making the deed the defendants held possession of the land thereunder until the death of the grantor in August, 1869, and thereafter for a period of more than seventeen years, during all of which, except a half month, the statute was in full operation before the suit was brought.

Assuming the deed to be voidable, the possession under it, as color of title merely, in the absence of any indication

of imperfection or infirmity apparent upon its face, would ripen into a good title after the expiration of seven years, unless, within three years after the " coming of sound mind," according to the Revised Code, ch. 65, § 1, and *The Code*, § 148 (the same language being used in each), the person so entitled commence his suit or make entry on the land. If the disability continued during life, and for a period thereafter sufficient to complete the prescribed time of seven years, the title would be perfected in the occupant, subordinate only to a right in the heir to sue for the recovery of the land for the space of three years next after his death. The running of the statute against the action and to consummate the title would be concurrent after the decease of the grantor

The cause of action to set aside the deed arises at once upon its execution, while the running of the statute was so far arrested in favor of the grantor, supposing him to be of unsound mind, as to admit of the prolonged period of three years after the restoration of reason, or, as we think, after death, to those to whom the estate would have descended, in the absence of any new interrupting personal disability, in which to institute suit. *Summerlin* v. *Cowles*, 101 N. C., 473.

In this view of the case, and aside from the claim of title under the deed, as affording color of title, with the support of the hostile possession held for the prescribed time, the bar to the action is complete and effective, whether the former statute or that substituted in *The Code* be applicable to the case.

While we deem the law settled in this State, whatever may have been the rulings elsewhere, by the case of *Riggan* v. *Green*, 80 N. C., 236, that the deed of one *non compos is voidable and not void*, it can make no difference when such is offered as evidence of color of title only, whether it be the one or the other, to sustain a possession under it.

Color of title, in connection with an adverse claim and occupation, has been held to perfect the title when furnished by a deed from husband and wife, when there has been no privy examination of the latter (*Pearce* v. *House,* 2 Hay., 386); when the deed was executed in the name of a principal, and the agent professing to have authority, had none to make it (*Hill* v. *Wilton,* 2 Murph., 14); when it was made by a person known by the grantee to have no title (*Reddick* v. *Leggat,* 3 Murph., 539); when the deed has never been registered (*Campbell* v. *McArthur,* 2 Hawks, 33; *Hardin* v. *Barrett,* 6 Io., 159; *Hunter* v. *Kelly,* 92 N. C., 285); when the deed is fraudulent and the possession has been adverse for the prescribed period, after a sale by the creditor (*Pickett* v. *Pickett,* 3 Dev., 6; *Hoke* v. *Henderson, ibid.,* 12); where the possession is under an act that is unconstitutional (*Episcopal Church* v. *Newbern Academy,* 2 Hawks, 233).

Color of title, as defined by GASTON, J., speaking for the Court, and with the hesitating assent of the Chief Justice, who favored a less circumscribed statement of the proposition, in *Dobson* v. *Murphy,* 1 D. & B., 586, requires a party to have "some *written document of title, purporting to pass the land, and one not so obviously defective that it would not have misled a man of ordinary capacity.*" Not dissimilar is the definition given in *Tate* v. *Southard,* 3 Hawks, 119.

The contention of counsel that, inasmuch as, but for the deed, the inheritance would descend to the plaintiff and defendants as tenants in common, the relation thus created prevents the statutory bar until after the expiration of twenty years, according to the ruling in *Hicks* v. *Bullock,* 96 N. C., 164; *Page* v. *Branch,* 97 N. C., 97, and *Breden* v. *McLaurin,* 98 N. C., 307, is not tenable. The adverse holding here is under a title derived from the deed, and began at its execution, and its character was not changed by the grantor's death. The estate in its entirety was in the defendants, and while the deed remained in force, there was no estate to

descend.　The plaintiff, if his allegations were true, and the statutory bar did not intervene, could bring his action, as he does, to annul the conveyance, and the relations between him and the defendants would be hostile, as they were before, between the latter and the maker of the deed.

In no view of the case can the plaintiff prevail, and the judgment must be and is affirmed.

No error.　　　　　　　　　　　　　　　Affirmed.