P. C. CREEKMORE et al. v. W. M. BAXTER et al.

*Action to Recover Land—Mortgage by Lunatic—Dealings with Lunatic or Person non compos mentis—Fraud in Law—Trial—Issues.*

1. Idiots, lunatics and persons otherwise *non compos mentis*, being incompetent to enter into any valid contract, every person who deals with them, knowing their incapacity, is deemed to perpetrate fraud upon them and their rights, and equity will set aside such contracts upon the ground of such fraud, charging the lunatic with only such benefits as he actually received from the transaction.

2. Where, in the trial of an action to recover land which had been sold under a mortgage executed by a person alleged to be *non compos mentis*, the jury found that the mortgagor was a lunatic at the time of the transaction and that the mortgagee had knowledge of the incapacity of the grantor, an additional finding, in response to an issue submitted at the request of the defendant, that no actual fraud was practiced by the mortgagee upon the mortgagor was not inconsistent with the other findings, no actual fraud having been charged in the pleadings.

CIVIL ACTION for the recovery of land, tried before *Bryan, J.*, and a jury, at Spring Term, 1897, of CAMDEN Superior Court. There was judgment for the plaintiffs on the verdict set out in the opinion of the Court, and defendants appealed.

*Mr. G. W. Ward*, for appellant.
*Mr. E. F. Aydlett*, for appellee.

DOUGLAS, J.: This is an action brought by the plaintiffs to recover land belonging to their ancestor, John O. Kelly, and sold under a mortgage alleged to have been executed by him, if at all, while insane, his insanity being then known to the mortgagee. By successive sales the land came into the possession of the mortgagee, O. F. Baxter, and upon his death descended to the present defendants. The following issues were submitted to the jury and answered:

1. Was John O. Kelly competent to make a deed at the

time he executed the mortgages mentioned in the answer?' Ans. No.

2. Did Baxter have knowledge of the mental incapacity of Kelly at the time of the execution of said mortgages?' Ans. Yes.

3. Was any fraud or undue influence practiced upon Kelly by Baxter in the execution of the mortgages mentioned in the pleadings? Ans. No.

4. Are the plaintiffs the owners of. the land described in. the complaint? Ans. Yes.

5. Are the defendants in the wrongful possession of the same? Ans. Yes.

6. What is the annual rental value of the same and. damages? Ans. Annual rental value $40.; damages $150.

7. Was Kelly benefitted by the transaction with Baxter?' Ans. Yes.

8. To what amount? Ans. $15.

The defendants tendered the third issue which was excepted to by the plaintiffs. The answer to said issue was, at the request of the defendants, directed by the Court. It is now contended that the answer to this issue, so directed by the court, contradicts the first and second issues answered by the jury of their own volition, and that therefore the verdict as a whole is insensible. The court below did not think so, nor do we. The first two issues found facts which constitute fraud in law. No other kind of fraud was charged in the pleadings; and the third issue, referring to actual fraud in fact, is neither necessary nor contradictory. It cannot be doubted that any one dealing with an insane person, knowing his insanity, deals with him at his own peril.

The law is well settled in this State that the deed of an insane person is voidable but not absolutely void. *Riggan* v. *Green*, 80 N. C., 236, citing 2 *Blackstone* 295 and 2 *Kent Com.* 451, and cited and approved in *Britain* v. *Mull*, 99 N.

C., 483, *Ellington* v. *Ellington*, 103 N. C., 54, *Odom* v. *Riddick*, 104 N. C., 515. This doctrine is generally held by modern authorities. *1 Am. & Eng. Enc. of Law* p. 146, note and cases cited. The rule as laid down in *Carr* v. *Holliday*, 21 N. C., 344, is as follows: "The lunatic has no legal capacity to contract, yet a court of equity will not interfere where the lunatic has actually had the *benefit* of the property of the defendant, *if the contract was made in good faith without knowledge of the lunacy* or incapacity, and where no advantage has been taken of the situation of the party."

This court in *Riggan* v. *Green, supra*, says: "Courts of Equity ever watch with a jealous care every contract made with persons *non compos mentis* and always interfere to set aside their contracts, however solemn, in all cases of fraud, or where the contract or act is not seen to be just in itself, or for the benefit of such persons; but where a purchase is made *in good faith without knowledge of the incapacity* and no advantage is taken, for a full consideration, and that consideration goes manifestly to the *benefit* of the lunatic, courts of equity will not interfere therewith"—citing *1 Story Equity* Sec. 227 and 227, 1 Chitty contract, 191, *Malton* v. *Camroux* 2 Exc. 487.

"The ground upon which courts of equity now interfere to set aside the contracts and other acts, however solemn, of persons who are idiots, lunatics and otherwise *non compos mentis*, is fraud. Such persons being incapable in point of capacity to enter into any valid contract or to do any valid act, every person dealing with them, knowing their incapacity, is deemed to perpetrate a meditated fraud upon them and their rights." *Story Eq. Jur.* Sec. 227; *Adams Eq.* 183; *Odom* v. *Riddick, supra*. Courts of equity always protect innocent purchasers as far as possible and ordinarily place the parties back in *statu quo* when it can be done without

121—5

injury to either; but if any one contracts with a lunatic, knowing his insanity, he must bear alone whatever loss arises from the transaction. The lunatic in such cases can be charged only with such benefits as he actually received.

In this case the jury found that Kelly was, at the time of their execution, incompetent to make the mortgages in question, that the mortgagee, Baxter, then knew that fact; and that Kelly was benefitted by the said transaction to the amount of $15. This amount was allowed by the court to the defendants as an offset, and we see nothing of which they can complain. Their exceptions to the computation of rents and measure of damages in the judgment cannot be sustained, as the facts upon which they rely do not appear in the record, and are denied by the opposing counsel.

The judgment is affirmed.