R. H. CARAWAN, A PERSON OF UNSOUND MIND, BY HIS GUARDIAN, G. B. CARAWAN, v. GEORGE CLARK.

(Filed 26 February, 1941.)

**1. Insane Persons § 12—**

A contract entered into by a person who is mentally incompetent is not void, but is voidable at the election of the incompetent upon the return by him of the consideration and the restoration of the *status quo,* and under certain circumstances, may be avoided even though the incompetent is unable to place the other party *in statu quo.*

**2. Same—Evidence held not to show that defendant paid fair consideration for contract with incompetent, and guardian was entitled to rescission.**

In an action by a guardian to rescind a contract of his incompetent, the burden is on the guardian to establish that his ward was incompetent at the time the contract was entered into, and such proof raises the presumption of invalidity entitling him to rescission unless defendant proves that he was ignorant of the mental incapacity, had no notice thereof which would put a reasonably prudent man upon inquiry, paid a fair and full consideration, took no unfair advantage of the incompetent, and that the incompetent has not restored and is not able to restore the consideration, and where the jury has found that the incompetent paid

in money and property $750.00 in exchange for property of the value of $400.00, defendant fails to show that no unfair advantage was taken and that a fair and full consideration was paid by him, and plaintiff guardian is entitled to rescission.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at October Term, 1940, of HYDE.    Error and remanded.

Civil action to rescind a contract and to recover damages.

On 18 April, 1935, plaintiff and defendant entered into a contract for the exchange of boats, under the terms of which plaintiff delivered his boat and $500.00 boot money to the defendant in exchange for defendant's boat.

On 6 February, 1913, plaintiff was adjudged to be a lunatic and was committed to the State Asylum for the Insane from which he was paroled 14 April, 1914.    On 21 July, 1914, he was again adjudged to be insane and was recommitted to said asylum where he remained until 1918.    On 20 July, 1935, plaintiff was adjudged incompetent to handle his business affairs and G. B. Carawan was duly appointed guardian. On 4 February, 1936, plaintiff, through his said guardian, instituted this action to annul the contract entered into 18 April, 1935.

When the cause came on for trial issues were submitted to and answered by the jury as follows:

"1. Did the plaintiff, Hertford Carawan, and the defendant, contract for the exchange of boats, the David Bradley and Ottis Terrell, as alleged in the complaint?

"Answer: Yes.

"2. Did the plaintiff, Hertford Carawan, on April 18, 1935, the date of the making of the said trade, possess sufficient mental capacity to attend to his own business?

"Answer: No.

"3. If not, did the defendant have knowledge of such mental condition on the part of the plaintiff, Hertford Carawan?

"Answer: No.

"4. What was the value of the plaintiff's boat, David Bradley, on April 18, 1935?

"Answer: $250.00.

"5. What was the value of defendant's boat, the Ottis Terrell, on April 18, 1935?

"Answer: $400.00."

Pending judgment on the issues counsel for plaintiff consented to a compromise judgment.    At the October Term, 1940, on motion of plaintiff, the consent judgment was vacated and thereupon the court below

entered judgment dismissing the action at the cost of the plaintiff. Plaintiff excepted and appealed.

*D. D. Topping for plaintiff, appellant.*
*Carter & Carter for defendant, appellee.*

BARNHILL, J.　No contention is made that plaintiff was, at the time of making of the contract, an adjudicated lunatic, and no rights of innocent parties are involved.　Therefore, the question presented is this: Upon the facts found by the jury and admitted in the record, was defendant entitled to a judgment upon the verdict?　We are of the opinion that the question should be answered in the negative.

A contract entered into by a person who is mentally incompetent is voidable and not void.　*Riggan v. Green,* 80 N. C., 237; *Creekmore v. Baxter,* 121 N. C., 31; *Brittain v. Mull,* 99 N. C., 483; *Ellington v. Ellington,* 103 N. C., 54; 2 Blackstone, 295; *Beeson v. Smith,* 149 N. C., 142; *Hood, Comr. of Banks, v. Holding,* 205 N. C., 451, 171 S. E., 633; 28 Am. Jur., 714.　At the election of the incompetent and upon the return of the consideration and the restoration of the *status quo,* it will be annulled by a court of equity.

Under certain conditions such a contract may be avoided by the incompetent even when he is unable to place the other party to the contract *in statu quo,* but the greater weight of authority supports the rule that where a contract with an insane person has been entered into in good faith, without fraud or imposition, for a fair consideration, of which the incompetent has received the benefit, without notice of the infirmity, and before an adjudication of insanity, and has been executed in whole or in part, it will not be set aside unless the parties can be restored to their original position.　28 Am. Jur., 716, and numerous authorities cited in notes; 14 R. C. L., 584; *Odom v. Riddick,* 104 N. C., 515; 7 L. R. A., 118; *Sprinkle v. Wellborn,* 140 N. C., 163; *Riggan v. Green, supra;* Anno., 46 A. L. R., 419, and 95 A. L. R., 1443; *Carr v. Holliday,* 21 N. C., 344.

Thus, in an action to rescind a contract, as here, for that the plaintiff was, at the time, mentally incompetent, the plaintiff must show insanity or mental incompetency at the time the contract was entered into.　Upon such showing the contract will be annulled unless it is made to appear— the burden being on the defendant—that the defendant (1) was ignorant of the mental incapacity; (2) had no notice thereof such as would put a reasonably prudent person upon inquiry; (3) paid a fair and full consideration; (4) took no unfair advantage of plaintiff; and (5) that the plaintiff has not restored and is not able to restore the consideration or to make adequate compensation therefor. *Wadford v. Gillette,* 193 N. C.,

413, 137 S. E., 314, and cases cited.  *Creekmore v. Baxter, supra;* Story Eq. Jur., sec. 227; Adams Eq., 183.

Upon such showing by the defendant any inference of fraud or undue advantage is rebutted and a court of equity will not intervene.

Applying these principles of law it appears that the defendant has failed to carry the burden in establishing those facts essential to repel the inference of undue advantage and to prevent the rescission of the contract upon the finding by the jury that the plaintiff was insane at the time the contract was made.  *Creekmore v. Baxter, supra; Wadford v. Gillette, supra.*

It is admitted that plaintiff paid $500.00 boot money.  In addition, on the finding of the jury, he delivered to the defendant a boat worth $250.00, in return for which he received a boat of the value of $400.00. Thus, for property of the value of $400.00, he paid, in money and property, $750.00.  These facts fail to show that no unfair advantage was taken and fall short of establishing a fair and full consideration.  They are not sufficient to rebut the presumption of invalidity which arises upon proof of insanity.

The cause is remanded to the end that the judgment entered may be vacated and judgment entered for the plaintiff.

Error and remanded.