Civil action to set aside a deed for mental incapacity and to cancel a sheriff's deed, for the reason that the property conveyed thereby was not subject to the lien of the judgment on which execution was issued and the power of sale exercised.
On or about 13 August, 1931, Frank E. Byrd purchased a tract of land from Mary D. and Carrie S. Maney and took title in his own name. The entire consideration for said lands was paid out of money belonging to his wife, Beulah Dougherty Byrd.
As a result of an automobile accident in 1934, Beulah Dougherty Byrd lost her mind and became completely demented and died in the State Hospital for the Insane at Morganton, N.C. about 20 November, 1938. Frank Byrd and his wife, Beulah Dougherty Byrd, had no children born of their marriage.
The plaintiff and her husband are the parents of Beulah Dougherty Byrd and her only heirs at law. The husband of the deceased has assigned all his rights, title and interest in and to the estate of Beulah Dougherty Byrd to the plaintiff herein. *Page 18 
There appears of record in the office of the Register of Deeds of Buncombe County, N.C. a deed purporting to have been made by Frank E. Byrd and wife, Beulah Dougherty Byrd, to Eugene Byrd, a brother of Frank E. Byrd, dated 21 January, 1935.
That on or about 5 May, 1938, this plaintiff, as guardian of her daughter, Beulah Dougherty Byrd, brought an action against the said Frank E. Byrd for the maintenance and support of his demented wife, and on 5 October, 1938, judgment was entered ordering the defendant Frank Byrd to convey the remainder of the Maney land after the purported conveyance to Eugene Byrd to the plaintiff for the use and benefit of Beulah Dougherty Byrd.
After the signing of the judgment on 5 October, 1938, Eugene Byrd purported to purchase an outstanding judgment against his brother, Frank E. Byrd, had the same assigned to a trustee and caused execution to be issued thereon, and on 16 September, 1939, took title to the property which Frank E. Byrd had been formerly ordered under a judgment of the Superior Court of Buncombe County to convey to the guardian of his wife, as above set forth.
The court submitted the following issues:
"1. Did Frank E. Byrd purchase the Maney land, as shown by recorded deed in Book 442, at page 227, with funds of his wife, Beulah Dougherty Byrd, and take title thereto in his own name as trustee of said wife, as alleged in the complaint? Ans.: `Yes.'
"2. Was Beulah Dougherty Byrd mentally incompetent to make and execute a deed on January 21, 1935, as alleged in the complaint? Ans.: `Yes.'
"3. If so, was the defendant, Eugene Byrd, ignorant of the fact of said mental incapacity? Ans.: `No.'
"4. Did Beulah Dougherty Byrd receive any adequate consideration for the conveyance of the property by said deed dated January 21, 1935, to Eugene Byrd, the defendant? Ans.: `No.'
"5. At the time of the execution of the said sheriff's deed had the property described therein been allocated by the court for the use and benefit of said Beulah Dougherty Byrd, as alleged in the complaint? Ans.: `Yes, by consent.'"
From judgment on verdict the defendant appeals to the Supreme Court and assigns error.
The 5th issue having been answered in the affirmative by consent, the only exceptions involved on this appeal are those as to the *Page 19 
burden of proof on the 3rd and 4th issues. The burden of proof on both those issues was upon the defendant. Carawan v. Clark, 219 N.C. 214,13 S.E.2d 237: "Thus, in an action to rescind a contract, as here, for that the plaintiff was, at the time, mentally incompetent, the plaintiff must show insanity or mental incompetency at the time the contract was entered into. Upon such showing the contract will be annulled unless it is made to appear — the burden being on the defendant — that the defendant (1) was ignorant of the mental capacity; (2) had no notice thereof such as would put a reasonably prudent person upon inquiry; (3) paid a fair and full consideration; (4) took no unfair advantage of plaintiff; and (5) that the plaintiff has not restored and is not able to restore the consideration or to make adequate compensation therefor.Wadford v. Gillette, 193 N.C. 413, 137 S.E. 314, and cases cited.Creekmore v. Baxter, supra (121 N.C. 31); Story Eq. Jur., sec. 227; Adams Eq., 183."
His Honor's charge was in conformity with the decisions of this Court.
In the judgment of the court below we find
No error.