MANTHIE EMANUEL v. ROBERT LEE EMANUEL AND VERLENE EMANUEL

No. 8516DC520

(Filed 21 January 1986)

**Limitation of Actions § 11— deed by incompetent—action to set aside barred by statute of limitations**

> Summary judgment was properly granted for defendants in an action to set aside a deed based on incompetence at the time of execution where plaintiff brought her action seven years and approximately one month after the execution of the deed and approximately four and a half years after plaintiff admits the disability was removed. A cause of action to set aside a deed executed by a person *non compos mentis* must be brought within seven years of the day of execution or three years after the removal of disability, whichever expires later. N.C.G.S. 1-17, N.C.G.S. 1-52.

APPEAL by plaintiff from *Richardson, Judge.* Judgment entered 12 December 1984 in District Court, ROBESON County. Heard in the Court of Appeals 19 November 1985.

On 1 August 1975 plaintiff executed a deed to defendants. Plaintiff instituted this action on 2 September 1982 seeking to impose a constructive trust on the deeded property and to have the deed set aside as being null and void on the ground that plaintiff was incompetent to execute the deed on 1 August 1975. Plaintiff also alleged in her complaint that defendants knew of plaintiff's incompetency when the deed was executed. Based on the allegations of her incompetence on 1 August 1975 and defendants' knowledge of her condition, plaintiff sought $50,000 as punitive damages.

Defendants in their answer alleged plaintiff's claim for relief was barred by the appropriate statute of limitations. Following discovery, defendants moved for summary judgment.

According to plaintiff's own deposition, she became aware sometime in 1977 that she had signed the deed in question and that she had a claim against defendants. The record shows that plaintiff's complaint was not filed until 2 September 1982, more than seven years following the date of the execution of the deed in question on 1 August 1975, and more than four years after the date of 1 January 1978, the latest date upon which plaintiff could be determined to have regained her competence according to her deposition.

The trial court found that plaintiff's complaint alleged a cause of action against defendants for fraud and/or undue influence, and that plaintiff's claim for punitive damages was grounded in that claim. The trial court concluded that plaintiff's complaint was barred by the three-year statute of limitations as set forth in G.S. 1-17 and G.S. 1-52, and therefore granted defendants' motion for summary judgment.

From the judgment, plaintiff appeals to this Court.

*Rogers and Bodenheimer, by Hubert N. Rogers, III, for plaintiff appellant.*

*McLean, Stacy, Henry & McLean, by H. E. Stacy, Jr., for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that her complaint sets forth a cause of action for the imposition of a constructive trust governed by a ten-year statute of limitations. The trial court concluded that plaintiff's action was one based on fraud and/or undue influence. Therefore the court applied the three-year statute of limitations as set out in G.S. 1-17 and G.S. 1-52 in granting defendants' motion for summary judgment.

We hold that neither plaintiff nor the trial court have relied upon the appropriate statute of limitations, but that even so the trial court properly granted defendants' motion for summary judgment.

Plaintiff's complaint alleges a cause of action to set aside a deed based on her incompetence at the time of the execution of the deed. *Ellington v. Ellington,* 103 N.C. 54, 9 S.E. 208 (1889). The deed of one *non compos mentis,* that is of one who is incompetent or insane, is *voidable* and not void. *Id.; Wadford v. Gillette,* 193 N.C. 413, 137 S.E. 314 (1927).

> Assuming the deed to be voidable, the possession under it, as color of title merely, in the absence of any indication of imperfection or infirmity apparent upon its face, would ripen into a good title after the expiration of seven years, unless within three years after the "coming of sound mind" . . ., the person so entitled commence his suit. . . ."

*Ellington*, 103 N.C. at 56-57, 9 S.E. at 208-09.

The cause of action to set aside a deed accrues upon the execution of the deed. *Id.* A cause of action to set aside a deed executed by a person *non compos mentis* must be brought within seven years from the date of execution, or within three years next after the removal of the disability, whichever period expires later. *Id.; see also* G.S. 1-17 and G.S. 1-38.

In the case at bar plaintiff brought her action seven years and approximately one month after the execution of the deed, and approximately four and one-half years after plaintiff admits the disability was removed. Thus, plaintiff's cause of action is barred by the appropriate statute of limitations as herein set forth.

Summary judgment in favor of defendants is

Affirmed.

Judges WELLS and PARKER concur.