The judgment, which is as follows, indicates the controversy:
"This cause coming on to be heard and being heard before the undersigned judge and a jury, and the following issues having been submitted to and answered by the jury as follows:
"(1) Was N. A. Cameron without sufficient mental capacity to make and execute the alleged deed from N. A. Cameron to Grover Cameron, dated 16 December, 1924? Answer: `Yes.' *Page 675 
"(2) Did J. A. Phillips cooperate and conspire with Grover Cameron to secure the execution of the deed from N. A. Cameron to Grover Cameron, knowing that the said N. A. Cameron was at the time without sufficient mental capacity to execute such deed? Answer: `Yes.'
"(3) Is the plaintiff's alleged cause of action barred by the three-year statute of limitations as to J. A. Phillips, as alleged in the answer? Answer: `No.'
"Judgment of nonsuit was heretofore entered by order of the court as to E. T. Hardy and Atlantic Joint Stock Land Bank. It is now, on motion of counsel for plaintiff, considered, adjudged, and decreed:
"(1) That the deed purporting to have been executed 16 December, 1924, by N. A. Cameron to Grover Cameron, recorded in the office of the register of deeds for Moore County, in Book of Deeds No. 94, at page 179, is null and void, and that the same be canceled of record, to which end the clerk of this court shall write on the margin of said record in the office of the register of deeds the following: `This deed declared null and void by decree of the Superior Court, February Term, 1937, in action of "Fannie Cameron v J. A. Phillips and Grover Cameron," Judgment Docket No. .......' The clerk shall fill in the judgment docket number of this decree and sign the said writing.
"(2) That the plaintiff Fannie Cameron, except as hereinafter adjudged, is the owner in fee simple of an undivided one-half interest in the land described in the complaint herein, free and clear of all claim or claims of lien or other interest or encumbrances in any way founded upon or growing out of the said purported deed of N. A. Cameron to Grover Cameron, which is herein declared null and void. As to the title to the other moiety of said land adjudication thereof is reserved till the coming in of the referee's report hereinafter provided for. Said land described as follows: Lying and being in Greenwood Township, Moore County, North Carolina, adjoining the lands of B. F. Cameron heirs, W. H. Core, Mrs. Furman Douglas, Loula Harrington, et al. Beginning on bank of stony branch southwest side of two sweetgums and two pine pointers, running S. 30 E. 1908 chains to a stake two blackjack and hickory pointers; thence S. 54 1/2 E. 3.42 chains to a stake 3 blackjacks and dead pine pointers; thence N. 3 E. 23.50 chains to a stake in channel of branch, B. F. Cameron's corner of 82 acres; thence down the channel of said branch to the beginning, containing eighty-seven (87) acres, more or less.
"(3) The court adjudges that any amounts, if any, paid by J. A. Phillips to or which injured to the advantage of N. A. Cameron, shall be repaid to him, if not recouped by the claims of the plaintiff against said J. A. Phillips in this cause, and such are valid claims against the estate of N. A. Cameron, deceased. *Page 676 
"(4) Certain issues arising on the pleadings between the plaintiff and defendants Grover Cameron, E. T. Hardy, and J. A. Phillips, having been reserved and not submitted to the jury, it is further considered, ordered, and adjudged that J. Vance Rowe, Esq., be and he is hereby appointed referee to take and state an account and report promptly to the court in reference to: (a) All taxes, if any, paid by J. A. Phillips, defendant, on the land embraced in the said deed of N. A. Cameron to Grover Cameron while it, or any part of it, was in possession or occupancy of said defendant Phillips; (b) the reasonable value of all the rents, issues, and profits received by said J. A. Phillips, or anyone for him, from said land at any time after 11 April, 1929, and the value of any timber taken from said land by him or by any person or corporation under his authority or direction, the value of such timber taken or removed as is mentioned and referred to in said defendants' undertaking in the restraining order or injunction given in this cause, to be stated separately. While plaintiff denies that N. A. Cameron received any consideration for the alleged deed, or that there is any liability on her part for any alleged improvements made on said premises by said defendants Phillips or Cameron, the referee will hear evidence and report the facts on said disputed items to be later passed on by the court when the referee's report is filed, as other disputes with reference to other matters retained by the court for hearing.
"It is further considered, ordered, and adjudged that the plaintiff recover of defendants J. A. Phillips and Grover Cameron the costs of this action, to be taxed by the clerk. This decree is not intended to adjudicate any matters arising among and between the defendants. This cause is retained for further orders.
 G. V. COWPER, Judge Presiding."
The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.
The defendants introduced no evidence, and at the close of plaintiff's evidence made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The motion was allowed as to E. T. Hardy and the Atlantic Joint Stock Land Bank, and overruled as to Grover Cameron and J. A. Phillips. In this we see no error.
It will serve no good purpose to set forth the evidence, as it was plenary to sustain the verdict. The allegations in the complaint were *Page 677 
definite and sufficient to submit the issues, which were determinative of the controversy. Defendants did not except to the issues and tender others. The demurrer ore tenus, motion for judgment non obstante veredicto, the motion for a new trial made by defendants cannot be sustained. The exceptions and assignments of error to the admission and answers of certain witnesses cannot be sustained — to say the least, they were not prejudicial. We think the court below in the long and careful charge set forth the law applicable to the facts, and exceptions and assignments of error made by defendants to the charge cannot be sustained.
All the evidence indicated that N. A. Cameron was non compos mentis from the time he was stricken with paralysis, on 5 April, 1919, until he died, on 11 April, 1929. Plaintiff testified: "He was paralyzed 5 April, 1919, and I discovered his mental and physical condition was bad after he was paralyzed." The evidence to this effect was overwhelming — from 16 December, 1924, when the alleged deed was made. The action was brought by plaintiff, a daughter of N. A. Cameron, within three years after the death of N. A. Cameron; therefore, the action was not barred by the three-year statute of limitations.
The defendant J. A. Phillips, with serious charges against him, introduced no evidence on the trial to disprove them. We see no new or novel proposition of law involved in the case. On the evidence it was a matter for the jury to determine, and they have found the facts in favor of plaintiff. The court below fully protected the defendant J. A. Phillips in the judgment. We see on the whole record no prejudicial or reversible error.
For the reasons given in the judgment of the court below, there is
No error.