TILDON WALKER v. FLOYD A. McLAURIN, INDIVIDUALLY AND AS ADMINISTRATOR OF S. J. McLAURIN, DECEASED, CLARENCE R. McLAURIN, RAYMOND K. McLAURIN, JAMES S. McLAURIN, MILES H.. McLAURIN, AND MRS. VARA McLAURIN RAY.

(Filed 11 December, 1946.)

**1. Insane Persons § 12—**

Where a lease containing an option is attacked on the ground of want of mental capacity of lessor, and it appears that lessor's mental condition remained unchanged until his death, the refusal of the court to submit an issue tendered by lessee optionee as to lessor's ratification of the agreement is without error.

**2. Insane Persons § 11—**

An agreement entered into by a person who is mentally incompetent, but who has not been formally so adjudicated, is voidable and not void.

**3. Same: Descent and Distribution § 12—**

Where an incompetent person purports to enter into a contract, after his death his heirs may ratify the agreement or they may disaffirm it, and acceptance of benefits thereunder with knowledge of the facts is a ratification of the agreement precluding a subsequent disaffirmance.

**4. Same—**

In this action for specific performance of an option contained in a lease, the administrator and heirs of deceased lessor denied the existence of a valid option upon allegations that at the time of its execution lessor did not have sufficient mental capacity to execute the agreement. Plaintiff introduced evidence that after lessor's death one of the heirs directed plaintiff to pay the rent to him as administrator of the estate. *Held:* It was error for the court to refuse to submit an issue as to the ratification of the agreement by defendant heirs as alleged in plaintiff's reply.

APPEAL by plaintiff from *Williams, J.,* at March Term, 1946, of CUMBERLAND.

Civil action for specific performance.

The plaintiff obtained a purported lease and option on 27 April, 1940, for certain premises owned by J. S. McLaurin, in Cumberland County. The lease and option to be effective for a period of five years beginning 1 May, 1940. The annual rental was $90.00, payable in quarterly pay-

ments of $22.50. The agreement provided for the sale of the property to the plaintiff at any time during the existence of the lease, for a consideration of $1,200.00, payable $300.00 in cash, and the balance in four equal annual installments of $225.00 each, the deferred payments to be secured by a purchase money lien upon the premises conveyed. The agreement was filed for registration in the office of the Register of Deeds for Cumberland County, 30 April, 1940.

S. J. McLaurin died 16 February, 1942, and Floyd A. McLaurin is the duly appointed and acting administrator of his estate.

The defendants denied the existence of a valid option, alleging that at the time of its execution S. J. McLaurin did not have mental capacity to enter into a legal and binding contract.

The following issues were answered as indicated; the first two by consent, the remaining three by the jury:

"1. Was the contract of lease and option for the land therein described executed by S. J. McLaurin and the plaintiff, as alleged in the complaint? Answer: Yes.

"2. Prior to the expiration of the lease, did the plaintiff accept the option to purchase the land, so notify the defendants, offer to pay the purchase price, and demand the deed therefor, as alleged in the complaint? Answer: Yes.

"3. At the time of its execution, was the late S. J. McLaurin without sufficient mental capacity to make a valid contract, as alleged in the answer? Answer: Yes.

"4. If so, did the plaintiff have knowledge of such facts and circumstances as would put a reasonably prudent person upon inquiry to ascertain the mental condition of said S. J. McLaurin? Answer: Yes.

"5. What was a fair market value of the property in question described in said lease and option on 27 April, 1940? Answer: $1,850.00."

From judgment on the verdict, the plaintiff appeals, assigning error.

*Lacy S. Collier and Robert H. Dye for plaintiff.*
*James R. Nance and W. C. Downing for defendant.*

DENNY, J. The plaintiff assigns as error the refusal of the court to submit two issues as to the ratification of the alleged lease and option by (1) the lessor, and (2) after his death by the defendant heirs, as alleged in the reply.

We find no error in the trial below affecting the issues submitted, nor do we think there is any evidence on the record to warrant the submission of an issue as to the ratification of the contract by the lessor. His want of mental capacity to enter into a legal and binding contract on 27 April, 1940, appears to have continued until his death. But we do

think there is some evidence tending to show ratification of ·the contract on the part of at least some of the defendants.

An agreement entered into by a person who is mentally incompetent, but who has not been formally so adjudicated, is voidable and not void. *Carawan v. Clark,* 219 N. C., 214, 13 S. E. (2d), 237; *Wadford v. Gillette,* 193 N. C., 413, 137 S. E., 314; *Beeson v. Smith,* 149 N. C., 142, 62 S. E., 888; *Ellington v. Ellington,* 103 N. C., 54, 9 S. E., 208; *Riggan v. Green,* 80 N. C., 237; 28 Am. Jur., 714; 17 C. J. S., 484.

Four of the six defendants testified that in their opinion their father, S. J. McLaurin, did not have sufficient mental capacity, on 27 April, 1940, to enter into a valid contract. S. J. McLaurin died 16 February, 1942. The alleged lease and option purported to be in effect until 1 May, 1945. It is admitted that the rent was paid in accordance with the terms of the alleged agreement. The evidence tends to show that Floyd A. McLaurin, one of the defendants, instructed the plaintiff to pay the rent which accrued under the terms of the agreement, after 16 February, 1942, to him as administrator of the estate of S. J. McLaurin.

If the defendants knew that S. J. McLaurin was not mentally competent to enter into a contract on 27 April, 1940, but also knew that notwithstanding his mental condition such a contract was executed, they had the right to disaffirm the agreement immediately upon his death. *Cameron v. Cameron,* 212 N. C., 674, 194 S. E., 102; *Warren v. Federal Land Bank,* 157 Ga., 464, 122 S. E., 40. And, if the defendants knew the terms of the agreement, and that it contained an option for the purchase and sale of the property, and notwithstanding that knowledge, they elected to accept the rents according to the terms of the lease until its expiration, such conduct would constitute a ratification of the contract.

Where an incompetent person purports to enter into a contract, after his death his heirs may ratify the agreement or they may disaffirm it. Williston on Contracts, Revised Edition, sec. 253, p. 744; *Meadows v. Thomas,* 187 Ind., 216, 118 N. E., 811; *Downham v. Holloway,* 158 Ind., 626, 64 N. E., 82; *Atkinson v. McCulloh,* 149 Md., 662, 132 A., 148, and in *Hendricks v. Stark,* 99 Fla., 277, 126 So., 293, it is said: "One of the most familiar applications of the rule relating to the acceptance of benefits arises in the case of contracts. It has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the validity and effect of a contract; and, where one has an election to ratify or disaffirm a conveyance, he can either claim under or against it, but he cannot do both, and, having adopted one course with knowledge of the facts, he cannot afterwards pursue the other." *Brown v. Osteen,* 197 N. C., 305, 148 S. E., 434; *Sugg v. Credit Corp.,* 196 N. C., 97, 144 S. E., 554.

Whether or not the defendants or any one or more of them ratified the contract under consideration, is a question for the jury.

The judgment below is stricken out, and the cause remanded for a partial new trial on a proper issue as to whether or not the defendants, or any one or more of them, ratified the alleged contract.

Partial new trial.