HERMAN J. WHITE AND WIFE, ETHEL L. WHITE v. GLENN W. MOORE AND WIFE, JANE MOORE; J. N. DIMLING AND WIFE, LILLIAN H. DIMLING AND JOE H. LEONARD, TRUSTEE

No. 7122SC273

(Filed 23 June 1971)

1. Judicial Sales § 1— power of commissioner — deed of sale — restriction against house trailers

Where the commissioner appointed by the court to conduct a judicial sale had no authority to insert a restriction against house trailers in the deed of sale, the commissioner's insertion of such restriction in the deed was null and void, and the purchaser at the judicial sale could transfer title free of the restriction.

2. Estoppel § 4— equitable estoppel

Equitable estoppel is to be applied as a means of preventing injustice and must be based on the conduct of the party to be estopped which the other party relies upon and is led thereby to change his position to his disadvantage.

APPEAL by plaintiffs from *Exum, Judge,* at the December 1970 Civil Session of DAVIDSON Superior Court.

This is an action seeking (1) to enjoin defendants from using certain lands as a house trailer park or as property on which house trailers can be located, (2) the removal of house trailers from the property, and (3), in the alternative, recovery of $15,000 damages. Jury trial was waived and the action was heard on stipulations and oral testimony.

Pertinent facts are summarized as follows:

Pursuant to a special proceeding to sell for partition 48.64 acres of land in rural Davidson County, a commissioner appointed by the court exposed the lands, divided into several parcels, to public sale. Although the order appointing the commissioner and providing for a sale of the property did not authorize him to do so, the commissioner announced at the sale that the lands were being sold with the understanding that no house trailers and no automobile junk yards would be located on the property. Plaintiffs purchased a 14.39 acre parcel at the sale and on 15 November 1967 the commissioner made them a deed for their land; the deed was filed for registration on 17 November 1967. Following the description of the land, the deed contains this clause: "It is understood by the parties of the second part that

no house trailers and no automobile junk yards shall be located on this property."

At the commissioner's sale, one B. B. Kinlaw (Kinlaw) purchased a 10.13 acre parcel adjoining the tract purchased by plaintiffs; Kinlaw and wife were given a commissioner's deed on 22 November 1967 which they filed for registration on 28 November 1967. The granting clause and the habendum in the Kinlaw deed, as was true in plaintiffs' deed, indicated a fee simple conveyance, and the Kinlaw deed, following the description of the land, contains a clause as follows: "It is understood that no house trailer parks and no automobile junk yards shall be located on this property." The trial judge found as a fact that Kinlaw was present at the public sale and purchased his parcel after the commissioner publicly announced that no house trailer parks and no automobile junk yards could be located on the property being sold.

On 9 May 1969, Kinlaw and wife conveyed their 10.13 acre tract to the male defendants Moore and Dimling. The conveyance was by warranty deed and following the description of the land the deed contains this proviso: "This conveyance is made subject to whatever restrictions, if any, in deed recorded in Deed Book 449, page 388, in the office of the Register of Deeds for Davidson County, North Carolina." The deed from the commissioner to Kinlaw and wife is recorded in said book 449 at page 388. On 9 May 1969, male defendants Moore and Dimling executed a deed of trust on the 10.13 acre tract to defendant Leonard, trustee, to secure the balance of the purchase price and the deed of trust contains a proviso, following the description, identical to the proviso quoted in deed from Kinlaw.

After receiving their deed, the male defendants laid out an area on the land in question, installed septic tanks and concrete patios, and allowed some three or four mobile homes to be parked on the property. Defendants' land adjoins plaintiffs' land on one side; other lands adjoining plaintiffs have no restrictions against use for house trailers or automobile junk yards.

The trial judge concluded that the purported restrictions in the deed from the commissioner to Kinlaw and wife are void for that the commissioner did not have authority from the court to impose the restrictions; and that defendants were not estopped from using their property as a house trailer park. From judgment denying plaintiffs any recovery, they appealed.

*DeLapp, Ward & Hedrick by Sim A. DeLapp for plaintiff appellants.*

*Robert L. Grubb for defendant appellees.*

BRITT, Judge.

The questions raised by this appeal are: (1) Is the proviso prohibiting a trailer park and automobile junk yard inserted in the commissioner's deed to Kinlaw valid? (2) Are defendants estopped to deny the validity of the proviso? We answer both questions in the negative.

[1]    (1) In *Peal v. Martin,* 207 N.C. 106, 176 S.E. 282 (1934), the court said: "A commissioner appointed by a court of equity to sell lands is empowered to do one specific act, viz., to sell the land and distribute the proceeds to the parties entitled thereto. He has no authority and can exercise no powers except such as may be necessary to execute the decree of the court."

In *Trust Company v. Refining Company,* 208 N.C. 501, 181 S.E. 633 (1935), a commissioner was authorized by the court to sell part of the lands of an estate for reinvestment. There were no restrictions in regard to the use of the property of the estate, and in the commissioner's report and recommendation of the offer to purchase, no authority to restrict the use of the property was asked, and none granted in the order of the court. The commissioner executed deed to the purchaser upon order of the court, but inserted restrictions in the deed limiting the use of the property to white people and residence purposes. The Supreme Court held: the commissioner was without authority to insert the restrictions in the deed to the purchaser, his authority being limited under the order of the court to the sale of the property and the disposition of the proceeds of sale; the restrictions were null and void and the purchaser at the sale could transfer title free of the restrictions.

See also *Craven County v. Trust Company,* 237 N.C. 502, 75 S.E. 2d 620 (1953). We hold that the restrictive proviso in Kinlaw's deed was void.

[2]    (2) Although the doctrine of equitable estoppel is recognized in this jurisdiction, 3 Strong, N. C. Index 2d, Estoppel, § 4, page 582 et seq, we hold that the doctrine does not apply in this case. In *Finance Corp. v. Shivar,* 8 N.C. App. 489, 174

S.E. 2d 876 (1970), this court said: "Equitable estoppel is to be applied as a means of preventing injustice and must be based on the conduct of the party to be estopped which the other party relies upon and is led thereby to change his position to his disadvantage. *Smith v. Smith,* 265 N.C. 18, 143 S.E. 2d 300." Conceding, *arguendo,* that Kinlaw's conduct was imputed to defendants, we do not think that Kinlaw was estopped. Plaintiffs received and filed for registration their deed at least five days before Kinlaw received his deed. How can it then be said that plaintiffs relied upon Kinlaw's conduct and were thereby led to change their position to their disadvantage?

For the reasons stated, the judgment appealed from is

Affirmed.

Judges CAMPBELL and GRAHAM concur.