CELIA E. YARBOROUGH v. WILSON F. YARBOROUGH, JR.

No. 7512DC382

(Filed 1 October 1975)

1. **Estoppel § 4— confession of judgment — acceptance of benefits — motion in cause**

    Plaintiff was not estopped to bring an alimony action by her acceptance of alimony and other benefits provided for in a confession of judgment without action to which she did not consent or by her filing of a motion in that cause to increase the amount of alimony since defendant has not relied on anything that plaintiff has or has not done to his loss or detriment.

2. **Judgments § 11— confession of judgment — consent of other party**

    No person can confess judgment for an amount not agreed to be owing and bind the other party to that confession absent the other party's consent.

3. **Judgments § 12— confession of judgment — absence of consent — no ratification**

    Plaintiff did not ratify a confession of judgment entered without her consent by the acceptance of alimony and other benefits provided, for therein where the record does not show whether she accepted those benefits under the judgment or whether she was merely enjoying the support she would rightfully be entitled to as a dependent spouse even if there had been no confession of judgment; nor did plaintiff ratify the confession of judgment by filing a motion in the cause to increase the amount of alimony provided for in the confession of judgment since the motion shows that she did not agree to be bound by the confession of judgment.

APPEAL by plaintiff from *Herring, Judge*. Judgment entered 14 February 1975 in the District Court, CUMBERLAND County. Heard in the Court of Appeals 3 September 1975.

This is a civil action wherein the plaintiff, Celia E. Yarborough, seeks permanent alimony, alimony pendente lite, and reasonable attorney fees for the prosecution of this action from the defendant, Wilson F. Yarborough, Jr.

The following facts are not controverted: On 27 August 1974 pursuant to G.S. 1A-1, Rule 68.1, Wilson Yarborough, Jr., as prospective defendant, filed in the Office of the Clerk of Superior Court in Cumberland County a "Confession of Judgment without Action" in favor of his wife, Celia Yarborough, the prospective plaintiff, admitting his liability as supporting spouse to her as dependent spouse. That same day the Honor-

Yarborough v. Yarborough

able George T. Griffin, Clerk of the Superior Court, entered a judgment containing the following pertinent provisions:

> "It is, now, therefore, CONSIDERED, ORDERED, ADJUDGED and DECREED that Celia E. Yarborough (Prospective Plaintiff) be, and she is, awarded permanent alimony against Wilson F. Yarborough, Jr. (Prospective Defendant), in the sum of $600.00 per month, together with other additional benefits and increments, as hereinafter ORDERED and REQUIRED of the said Wilson F. Yarborough, Jr., and the said Wilson F. Yarborough, Jr., be, and he is, ORDERED, DIRECTED and REQUIRED to pay said sum to the Prospective Plaintiff, Celia E. Yarborough, monthly, beginning with a first payment on or before September 1, 1974, and a like payment on the first of each month thereafter so long as the said Celia E. Yarborough shall remain unmarried to a person other than Wilson F. Yarborough, Jr.; that in addition thereto the said Wilson F. Yarborough, Jr., is ORDERED, DIRECTED and REQUIRED to secure to and provide for Celia E. Yarborough the following rights, benefits, emoluments and increments:

> (a) Celia E. Yarborough may retain possession of the jointly owned home located 2025 Raeford Road, Fayetteville, North Carolina. That taxes, fire insurance and mortgage payments will be made by Wilson F. Yarborough, Jr. In addition thereto, he will be responsible for the maintenance of the roof, outside walls and air conditioning equipment. If Celia E. Yarborough determines that this house is too large and expensive for her to maintain, then Wilson F. Yarborough, Jr., will consent to the sale of the same with the net proceeds of such sale to be applied to the purchase of a smaller house, which will be jointly owned by the parties and maintained by him to the extent set forth in the first portion of this paragraph.

> (b) Title to the 1972 Cadillac automobile presently used by Celia E. Yarborough will be transferred to her or she will be furnished title to another vehicle of her choosing, provided the wholesale costs thereof is not in excess of $3000.00. Maintenance of the automobile, insurance thereon and other operating costs shall be the responsibility of Celia E. Yarborough.

> (c) The life insurance policy on the life of Wilson F. Yarborough, Jr., with Protective Life Insurance Com-

pany, the same being Policy No. 202034 and owned by Celia E. Yarborough will remain in full force and effect. The premium thereon in the amount of $488.40 per year will be paid by Wilson F. Yarborough, Jr., provided he is permitted to credit policy dividends against premiums.

(d) Celia E. Yarborough is given furniture, furnishings, and fixtures in the home, other than the personal belongings, personal items and personal effects acknowledged by the parties as belonging to Wilson F. Yarborough, Jr. (Omitted herefrom is the piano, which is the property of the daughter of the parties hereto, it being a gift to her from her paternal grandparents.)

(e) The beach house and lot owned by the parties as an estate by the entireties shall be sold to the highest bidder with the equity therein being divided equally between said parties, either of whom shall be permitted to bid at a sale thereof.

(f) Celia E. Yarborough may retain as her own the four shares of stock in First Union National Bank (now Cameron Financial).

(g) Wilson F. Yarborough, Jr., will retain Celia E. Yarborough on Yarborough Motor Company's group medical insurance so long as the insurance company will permit. That in the event this benefit is no longer available to her, then her alimony payment shall be increased by $35.00 each month. Further, in the event Celia E. Yarborough is confined to hospital or institutional care she will be responsible for the payment of $1000.00 on any costs in excess of insurance available to her at the time and Wilson F. Yarborough, Jr., will be responsible for the payment for her of any additional sums in excess of this $1000.00 amount paid by her.

(h) Wilson F. Yarborough, Jr., will provide for Celia E. Yarborough a membership in Highland Country Club. The payment of all dues incident thereto and the payment of all charges incurred by her shall be, and they are, her responsibility.

PROVISO:

The additional emoluments and benefits, as set forth in subparagraphs (b) and (h) are conditioned upon the

Yarborough v. Yarborough

return to Wilson F. Yarborough, Jr. by Celia E. Yarborough of all credit cards held by her, which are in the name of Wilson F. Yarborough, Jr., and the assignment to him by Celia E. Yarborough of twenty-five (25%) percent of the stock of Southland Motor Company, Inc.

That the benefits, including alimony and other benefits and emoluments to and in favor of Celia E. Yarborough, shall cease and terminate upon the death or remarriage of the said Celia E. Yarborough.

That Wilson F. Yarborough, Jr., (Prospective Defendant) is taxed with the costs of this action."

There is nothing in the record to show that either the prospective plaintiff or counsel for her had notice of or participated in this proceeding. However, the record does indicate that a copy of the judgment was served on the plaintiff by the attorney for defendant by mailing a copy of the same, postage prepaid, first class mail, to her at her address. This proceeding was given the file #74CVS4313.

On 29 November 1974 the plaintiff filed a motion in the cause in case #74CVS4313 wherein she claimed that the amount of alimony given in the judgment pursuant to the confession of judgment was inadequate; that she had monthly expenses of $2,150.00; and that the defendant had a net worth of at least $500,000.00 and an income of $50,000.00. She moved for a judgment amending the confession of judgment to provide adequate support and alimony, for permanent support and alimony, for the exclusive use of the family dwelling, and for attorney fees. An answer to the motion in the cause was filed 9 December 1974. The record does not disclose what, if any, disposition was made of this motion.

On 27 September 1974 between the time of the judgment on the confession of judgment case #74CVS4313 and the filing of the motion in the cause on that case, plaintiff filed the present action, case #74CVD4952, wherein she seeks alimony pendente lite, permanent support and alimony, exclusive use of the family dwelling house, and reasonable attorney fees. On 2 December 1974, after the filing of the motion in the cause in the prior case, defendant filed an answer to the complaint in the present case, #74CVD4952. In the answer, among other things, the defendant moved to dismiss the action for the reason that plaintiff "by consent and without prejudice, accepted the sum of

$600.00 per month and has accepted, retained and used the additional benefits and increments . . . " provided for her in the prior confession of judgment.

On 14 February 1975, based on the "stipulations of the parties, admissions of counsel and pleadings as filed in this cause (74CVD4952) and as filed in the action described in defendant's . . . defense as File No. 74CVS4313"; the court made findings of fact which included the following:

"4. That Celia E. Yarborough, plaintiff herein, has ratified and acquiesced in the Confession of Judgment and formal judgment entered pursuant thereto in the following particulars:

(a) In accepting from the defendant the $600.00 per month as required by said judgment. Provided, however; that by stipulation and plea in the answer of defendant 'Mrs. Yarborough's use of monies deposited to her account under a Confession of Judgment will in no wise and at no time be used to her prejudice'. That the Court in its consideration of this item has not used the same to her prejudice.

(b) That the plaintiff in this cause, Celia E. Yarborough, on November 29, 1974, filed in the action on Confession of Judgment, the same being entitled 'Celia E. Yarborough (Prospective Plaintiff) vs. Wilson F. Yarborough, Jr. (Prospective Defendant),' No. 74 Cvs 4313, a MOTION IN THE CAUSE wherein she moves the Court that the judgment entered on the Confession of Judgment be amended or changed to provide an adequate support for plaintiff in accordance with the provisions of Chapter 50 of the General Statutes of North Carolina; for an order requiring defendant to pay Attorneys' fees; for an order requiring defendant to pay such permanent support and alimony as the Court may deem just and proper; that plaintiff be given exclusive use of the dwelling house located 2025 Raeford Road, Fayetteville, North Carolina; that the complaint (motion) be taken as an affidavit on behalf of plaintiff's claims made in the motion. That forming a part of said motion are alleged monthly expenses on the part of plaintiff totalling $2150.00, all as more particularly set forth in the motion.

Yarborough v. Yarborough

(c) That plaintiff has retained exclusive possession of the home located 2025 Raeford Road, Fayetteville, North Carolina; that defendant has paid taxes, fire insurance and mortgage payments thereon; that plaintiff has had the use of the 1972 Cadillac automobile referred to in the judgment; that defendant has continued the life insurance benefits for plaintiff as set forth in subsection (c) of the judgment; that plaintiff has accepted the furniture, furnishings and fixtures in the home located as above set forth and has continued to receive the benefit of medical group insurance provided by defendant."

Based on his findings of fact, the court made the following pertinent conclusion of law:

"That by reason of her ratification and acquiescence in the terms of the Confession of Judgment and her further ratification thereof by motion in the cause, as herein fully set forth, the Court concludes as a matter of law that plaintiff, Celia E. Yarborough, is estopped to proceed in this action; that her motions for alimony pendente lite and Attorneys' fees should be denied and the action dismissed with prejudice."

From an order dismissing plaintiff's claim in case #74CVD4952, plaintiff appealed.

*Hatch, Little, Bunn, Jones, Few & Berry by T. D. Bunn and Edgar R. Bain for plaintiff appellant.*

*Nance, Collier, Singleton, Kirkman & Herndon by James R. Nance for defendant appellee.*

HEDRICK, Judge.

[1] We find at the outset that plaintiff is not *estopped* to bring the present action by anything she has done. "Estoppel by misrepresentation, or equitable estoppel . . . grows out of such conduct of a party as absolutely precludes him, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse . . . . " *Boddie v. Bond,* 154 N.C. 359, 365, 70 S.E. 824, 826 (1911). "[A] party who, with knowledge of the facts, accepts the benefits of a transaction, may not thereafter attack the validity of the transaction

to the detriment of other parties who relied thereon. (footnote omitted)" 3 Strong, N. C. Index 2d, Estoppel, § 4, pp. 583-584. See also, *Smith v. Smith,* 265 N.C. 18, 143 S.E. 2d 300 (1965); *White v. Moore,* 11 N.C. App. 534, 181 S.E. 2d 734 (1971). In the present case there is nothing to indicate that the defendant has relied on anything that the plaintiff has or has not done which has in any way acted to his loss or detriment.

In *Ballard v. Hunter,* 12 N.C. App. 613, 184 S.E. 2d 423 (1971), cert. denied 280 N.C. 180, 185 S.E. 2d 704 (1972), Chief Judge Mallard quoting from 2 McIntosh, N. C. Practice and Procedure 2d, § 1684, said:

> " ' A *confession of judgment without action* is a consent judgment . . . . * * * The judgment depends upon the consent of the parties, and the court gives effect to it as the agreement of the parties. It would not be valid unless the parties consented, nor could it affect one who was not a party.' (Emphasis added.)"

In 49 C.J.S. Judgments, § 148, p. 275, it is stated:

> "In order that a confession of judgment may be binding on the plaintiff, it is essential that he, either expressly or impliedly, assent thereto. (footnote omitted)"

Thus, the question for us to determine is whether the plaintiff's conduct after she receives notice of the entry of judgment of confession manifested her intention to consent to it.

[2, 3] It seems obvious that no person can confess judgment for an amount not agreed to be owing and bind the other party to that confession absent his consent. In the present case, the purported confession of judgment imposes upon the plaintiff substantial conditions and purports to make certain a liability that in no way was agreed to be the amount due. We need not discuss at length the finding that plaintiff had ratified the prior judgment by accepting benefits under it. There is nothing in the record to indicate whether she accepted those benefits under the judgment or whether she was merely enjoying the support she would rightfully be entitled to as a dependent spouse even if there had never been a confession of judgment. Plaintiff cannot be said to have ratified the confession of judgment by accepting benefits which she believed she would have been entitled to under any circumstances.

Counsel for the defendant argues and the court below found that plaintiff had ratified the agreement by filing a motion in the cause in the prior action. But, an examination of that motion reveals that she in no way agreed to be bound by the confession of judgment. In fact, the motion clearly shows that she *did not agree* to be bound. Furthermore, the very fact that plaintiff filed the present action just one month after the entry of the judgment by confession demonstrates clearly that she had no intention of consenting to the unilateral action of her husband. The record before us, rather than implying that plaintiff consented to the judgment, demonstrates her repudiation of it.

While we recognize that judgment may be confessed in alimony cases pursuant to G.S. 1A-1, Rule 68.1, and such a procedure may be desirable in many cases to avoid the public airing of domestic problems, we do not perceive that such procedure should be used to deprive a litigant of his or her day in court, or to impress on an unsuspecting party terms and conditions to which the party did not specifically agree. Because the plaintiff in the present case did not expressly or impliedly consent to the judgment confessed in case #74CVS4313, we hold that such judgment is a nullity. The order dismissing plaintiff's claim in case #74CVD4952 is reversed and cause is remanded to the district court for further proceedings.

Reversed and remanded.

Judges BRITT and MARTIN concur.