THOMAS G. RATTON v. MAVIS RATTON

No. 8422DC750

(Filed 19 March 1985)

**Divorce and Alimony § 19.5— alimony consent judgment prior to 1 October 1967— alimony increase precluded**

A mutually executed confession of judgment was an "order entered by consent" as described in G.S. 50-16.9(a). Where defendant's motion for an increase in alimony was predicated on an order for the payment of alimony entered by consent prior to 1 October 1967, defendant's motion failed to state a claim upon which relief could be granted since G.S. 50-16.9(a) specifically excludes orders entered by consent before 1 October 1967.

Judge MARTIN concurring.

APPEAL by defendant from *Fuller, Judge*. Judgment entered 5 April 1984 in District Court, DAVIDSON County. Heard in the Court of Appeals 11 March 1985.

This is a motion in the cause to increase alimony. Plaintiff executed a confession of judgment and judgment was entered for the payment of alimony to defendant on 13 February 1967.

On 19 January 1984, defendant filed a motion to increase alimony, requesting the modification of the judgment entered 13 February 1967. Plaintiff filed a motion to dismiss for failure to state a claim for which relief can be granted pursuant to G.S. 1A-1, Rule 12(b)(6). Plaintiff's motion to dismiss was granted. Defendant appealed.

*Leonard and Bell, by Joe H. Leonard, for plaintiff, appellee.*

*Charles E. Frye, III, for defendant, appellant.*

HEDRICK, Chief Judge.

To modify an order for alimony, a party must meet the requirements of G.S. 50-16.9(a). This section specifically excludes from its application all orders for the payment of alimony "entered by consent" prior to 1 October 1967. A mutually executed confession of judgment, like the one herein involved, is an "orde[r] entered by consent" as described in G.S. 50-16.9(a). This Court has so held in *Yarborough v. Yarborough*, 27 N.C. App. 100, 106, 218 S.E. 2d 411, 415 (1975). Since defendant's motion for an increase was predicated on an order for the payment of alimony entered by consent prior to 1 October 1967, defendant's motion failed to state a claim upon which relief could be granted.

In *State v. Camp*, 286 N.C. 148, 152, 209 S.E. 2d 754, 756 (1974), the Supreme Court concluded that "[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." G.S. 50-16.9(a) states clearly and unambiguously that all orders to pay alimony entered by consent prior to 1 October 1967 are excluded from the application of the statute.

Defendant's remaining assignments of error urge that G.S. 50-16.9(a) violates the equal protection and due process clauses of the 14th Amendment of the United States Constitution and Article 1, Section 19 of the North Carolina Constitution. These constitutional arguments were not presented to or considered by the trial court, and this Court will not pass upon constitutional questions not raised and considered in the court from which the appeal was taken. *Brice v. Moore*, 30 N.C. App. 365, 368, 226 S.E. 2d 882, 884 (1976).

The judgment appealed from is

Affirmed.

Judges WELLS and MARTIN concur.

Judge MARTIN concurring.

Consent judgments for the payment of alimony were subject to modification in North Carolina before the enactment of G.S. 50-16.9(a), depending upon whether the consent judgment sought to be modified rested solely upon contract or was an adjudication by the court. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). If the court merely approved the amount of support which the husband agreed to pay the wife, and set that amount out in a judgment against him, such consent judgment constituted nothing more than a contract and could not be modified simply upon a showing of changed conditions. On the other hand, a consent judgment in which the court adopted the agreement of the parties as "its own determination of their respective rights and obligations," and ordered the husband to pay alimony in the agreed upon amount, was subject to modification at any time changed conditions warranted. *Bunn, supra.* With the enactment of G.S. 50-16.9(a), the distinction ceased to exist.

The confession of judgment entered into by plaintiff on 13 February 1967 was a consent judgment of the former type, resting upon contract, and was therefore not subject to modification upon a showing of changed circumstances under the law as it existed prior to the enactment of G.S. 50-16.9(a). Since that statute specifically excludes "orders entered by consent before 1 October 1967," neither is defendant entitled to modification under the present law.

Had the amount of support agreed upon by the parties been adopted by the court as its own determination of the amount of support to be paid by the plaintiff, the consent order would be subject to modification notwithstanding the fact that it was consented to before 1 October 1967. In such case, the former law, and not G.S. 50-16.9(a), would control.