EUGENE R. AMICK v. ELOSIA L. AMICK

No. 8521DC776

(Filed 15 April 1986)

1. **Divorce and Alimony § 29— separation agreement and divorce—estoppel to deny validity**

Evidence was sufficient to support the trial court's conclusion that plaintiff was estopped by his own acts from denying the validity of the parties' separation agreement and asserting the invalidity of a divorce decree in order to avoid his obligations under that judgment, since plaintiff filed for divorce and performed some of his obligations under the agreement for several years; he remarried in reliance on the divorce judgment; and he did not object to the validity of the divorce decree or the separation agreement until he sought to defend his failure to comply with the judgment on grounds that it was void.

2. **Divorce and Alimony § 21.5— failure to pay alimony—finding of contempt—present ability to pay**

There was no merit to plaintiff's contention that the trial court erred in ordering him jailed for contempt because the court's findings of fact did not show that he had the present ability to comply with the judgment, since the court found that plaintiff was gainfully employed at the N. C. State Department of Vocational Rehabilitation; he had a gross monthly income of $2,114 and net monthly income of $1,522.49; he stated in open court the day before the

contempt order was entered that he was able to pay immediately; the trial court had before it a detailed financial affidavit which invited affiant to itemize all assets and liabilities and show any change of circumstances, but plaintiff did not see fit to provide this information to the court in his affidavit; and plaintiff did in fact pay arrearages when faced with the possibility of being jailed.

APPEAL by plaintiff from *Keiger, Judge*. Order entered 19 April 1985 in District Court, FORSYTH County. Heard in the Court of Appeals 7 January 1986.

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker, Randolph M. James and Robin J. Stinson for plaintiff appellant.*

*Meyressa H. Schoonmaker for defendant appellee.*

BECTON, Judge.

This case involves whether a husband may raise as a defense to a motion for contempt, that a separation agreement and divorce judgment were void based on the fact that the husband and wife had engaged in sexual intercourse on two isolated occasions between the making of the separation agreement and the granting of the divorce. If so, the husband contends, he could not be held in contempt of such a void judgment, and the trial court's orders to that effect were in error. We disagree with the husband and we affirm the trial court's orders of 19 April 1985 and 24 May 1985.

I

The plaintiff-appellant, Eugene R. Amick, and the defendant-appellee, Elosia L. Amick, were married on 19 December 1964. They have two children, now ages eighteen and seventeen. Eugene Amick and Elosia Amick separated on 10 June 1980 and entered into a "Separation Agreement and Property Settlement" (Agreement) on 11 June 1980. That Agreement provided, among other things, that Eugene Amick would pay child support and alimony to Elosia Amick, with certain yearly increases and adjustments based on a flat percentage or the net increase in his annual pay, whichever was less.

On 27 September 1982, Eugene Amick filed a complaint for absolute divorce based on one year's separation. Elosia Amick

filed an answer requesting that the Agreement be incorporated into the divorce decree. On 10 January 1983, Judge James A. Harrill signed a judgment of absolute divorce, incorporating the Agreement.

Eugene Amick began paying an additional $20.00 in December 1981, but has failed to pay the yearly or percentage increase agreed upon. On 14 November 1984, Elosia Amick filed a motion for contempt and alleged that Eugene Amick was $7,000.00 in arrears. Eugene Amick answered asserting that the Agreement was null and void because the parties had engaged in sexual intercourse in December of 1981, after the Agreement was signed and before the final divorce decree was entered. He also alleged that he did not have the means to pay the arrearages. Eugene Amick filed a motion to set aside the divorce judgment and the Agreement incorporated therein.

On 19 April 1985, Judge Kason Keiger signed an order holding Eugene Amick in contempt of court and ordering him to pay $2,730.00 in arrearages and $500.00 in attorney's fees, or be incarcerated. Eugene Amick paid the judgment and gave notice of appeal to this Court. On 7 May 1985, Eugene Amick filed a Motion pursuant to Rule 60(b)(4) and (6), N.C. Rules App. Proc., for relief from the 19 April 1985 order. On 24 May 1985, Judge Keiger ruled that the court would be inclined to deny Eugene Amick's Rule 60(b)(4) and (6) motion if his appeal were not pending before this Court. Eugene Amick appeals that ruling as well.

II

[1]　Eugene Amick first assigns error to the trial court's failure to set aside the 10 January 1983 judgment which incorporated the 11 June 1980 Agreement. This assignment of error is rejected.

The trial court held that Eugene Amick was estopped by his own acts from denying the validity of the Agreement. We need not decide whether the Agreement is void under *Murphy v. Murphy*, 295 N.C. 390, 245 S.E. 2d 693 (1978). Instead, we rely on the rationale expressed by this Court in *Mayer v. Mayer*, 66 N.C. App. 522, 311 S.E. 2d 659, *disc. rev. denied*, 311 N.C. 760, 321 S.E. 2d 139 (1984), to affirm the trial court.

In *Mayer*, we found that a husband who actively participated in his wife's procurement of an invalid divorce from her prior hus-

band was estopped from denying the validity of that divorce. We reached that conclusion by applying a quasi-estoppel analysis that one is not permitted to injure another by taking a position inconsistent with prior conduct. *Mayer*, 66 N.C. App. at 532. The analysis is based on the principle of equitable estoppel, which arises when an individual, by acts, representations, admissions, or by silence when he or she has a duty to speak, intentionally or through culpable negligence, induces another to believe that certain facts exist, and such other person rightfully relies and acts upon that belief to his or her detriment. *Thompson v. Soles*, 299 N.C. 484, 263 S.E. 2d 599 (1980). Neither bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied. *Hamilton v. Hamilton*, 296 N.C. 574, 576, 251 S.E. 2d 441, 443 (1979).

North Carolina courts have recognized the doctrine of equitable estoppel to preclude a party from denying the validity of a divorce decree or separation agreement. *See, e.g., Hamilton; McIntyre v. McIntyre*, 211 N.C. 698, 191 S.E. 507 (1937); *Harris v. Harris*, 50 N.C. App. 305, 318-19, 274 S.E. 2d 489, 497, *disc. rev. denied and appeal dismissed*, 302 N.C. 397, 279 S.E. 2d 351 (1981); and *Redfern v. Redfern*, 49 N.C. App. 94, 270 S.E. 2d 606 (1980).

In *Harris*, we held that a husband who had paid alimony for thirty-two months pursuant to a separation agreement and who had accepted the benefits of the contract, including the complete and final settlement of all marital rights and property with his wife, was estopped from denying the validity of the contract even though he had divorced and remarried. The divorce terminated all of the wife's rights arising from the marriage except those specifically provided for in the deed of separation. We held that since the husband paid alimony for 32 months, it was reasonable for the wife to rely on his continued performance, and that the husband should be estopped from denying the validity of the contract.

In *Mayer*, we said, "[a]s much as in any area of the law, quasi-estoppel cases turn on the particular facts of each case." 66 N.C. App. at 535, 311 S.E. 2d at 668. The facts in this case, as in *Mayer*, compel us to reach the conclusion that Eugene Amick is estopped from asserting the invalidity of the divorce decree in order to avoid his obligations under that judgment.

Eugene Amick's attack on the divorce judgment is inconsistent with his prior conduct. He filed for divorce and performed some of his obligations under the Agreement for several years. He remarried in reliance on the divorce judgment. He did not object to the validity of the divorce decree or the Agreement until he sought to defend his failure to comply with the judgment on ·grounds that it was void. Or, put another way, by accepting the benefits of the Agreement, Eugene Amick has in essence ratified and affirmed it, and may be estopped from questioning its validity and effect. *See Walker v. McLaurin*, 227 N.C. 53, 55, 40 S.E. 2d 455, 457 (1946).

Elosia Amick contends, and the trial court found as fact, that she had performed her obligations under the Agreement and that she had relied on the Agreement and formed expectations of future support from Eugene Amick based on partial compliance with its terms for a period of four years. The trial court further found that Eugene Amick gave Elosia Amick no indication that he considered the divorce or the Agreement void until she pursued her rights under the contract, and that she would be injured if the judgment (and Agreement) were to be set aside as null and void. No evidence in the record contradicts these findings. We find no error in the trial court's conclusion, based on these facts, that Eugene Amick is estopped from denying the validity of the judgment and was, therefore, in contempt of a court order for maintenance and child support.

### III

[2] Eugene Amick contends that it was error for the trial court to order him jailed for contempt because the court's findings of fact did not show that he had the present ability to comply with the judgment. He cites numerous cases in which trial courts were required to find as a fact that the plaintiff possessed the means to comply with an order for payment. We hold that the trial court made sufficient findings of fact to conclude that Eugene Amick had the present ability to pay the arrearages under the order and he had willfully refused to do so.

The trial court found that Eugene Amick was gainfully employed at the North Carolina State Department of Vocational Rehabilitation, that he had a gross monthly income of $2,114.00, that his net monthly income was $1,522.49 and, perhaps most impor-

tantly, that he stated in open court on 18 April 1985, the day before the contempt order was entered, that he was able to pay immediately.

In contempt proceedings, the judge's findings of fact are conclusive on appeal when supported by any competent evidence, and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment. *Clark v. Clark*, 294 N.C. 554, 571, 243 S.E. 2d 129, 139 (1978).

Eugene Amick argues that the trial court should have considered his monthly living expenses, assets, liabilities and financial condition, and cites *Henderson v. Henderson*, 55 N.C. App. 506, 286 S.E. 2d 657, *disc. rev. allowed*, 306 N.C. 384, 294 S.E. 2d 208 (1982), *aff'd*, 307 N.C. 401, 298 S.E. 2d 345 (1983) for that proposition. Although the Supreme Court, in affirming this Court's decision in *Henderson*, noted that the trial court had failed to adduce evidence with respect to any assets or liabilities of the defendant, any inventory of his property, his present ability to work, or even his present salary, *Henderson* did not set out a prescription to be followed to determine whether a finding of fact is supported by sufficient evidence. *See id.*

The trial court had Eugene Amick's detailed financial affidavit before it. That form affidavit invites the affiant to itemize all assets and liabilities, and affords the affiant the opportunity to show any change of circumstances. Eugene Amick did not see fit to provide this information to the court in his affidavit. The court made findings as to his employment and his gross and net monthly pay. Eugene Amick stated in open court that he could pay, and he did in fact pay when faced with the possibility of being jailed. There was adequate and competent evidence to support the trial court's conclusion that Eugene Amick had the means to pay the arrearages and to warrant the contempt order against him.

IV

Eugene Amick last assigns error to the trial court's refusal to grant his Motion for Relief from Judgment pursuant to Rules 60(b)(4) and (6). Since we have found no error in the trial court's actions as discussed in parts II and III above, we find no merit in this assignment of error as well. The order appealed from is therefore,

Affirmed.

Judges WHICHARD and PARKER concur.