**MOSER v. MOSER**

[96 N.C. App. 273 (1989)]

BETTY ANN MOSER, Plaintiff-Appellee v. SAMMY LEE MOSER, Defendant-Appellant

No. 8821DC1200

(Filed 7 November 1989)

**Husband and Wife § 12 (NCI3d) — separation agreement — sexual relations — unperformed obligations voided**

> Acts of sexual intercourse between the parties at different times after they executed a separation agreement and property settlement rendered null and void the unperformed obligations of the agreement, and N.C.G.S. § 52-10.2 which declares that "isolated incidents of sexual intercourse between the parties shall not constitute resumption of marital relations" did not apply, since that statute became effective more than two years after the occurrences involved.

**Am Jur 2d, Divorce and Separation § 855.**

APPEAL by defendant from *Reingold, Judge.* Judgment entered 23 August 1988, *nunc pro tunc* 20 May 1988, in District Court, FORSYTH County. Heard in the Court of Appeals 9 May 1989.

*White and Crumpler, by Fred G. Crumpler, Jr. and Christopher L. Beal, for plaintiff appellee.*

*Wright, Parrish, Newton & Rabil, by Carl F. Parrish, for defendant appellant.*

PHILLIPS, Judge.

The parties, married in 1972, entered into a Separation Agreement and Property Settlement in December 1983 wherein, *inter alia,* plaintiff received title to two houses in Ohio and defendant agreed to make monthly alimony payments to her. In October 1987 defendant ceased to make the payments and plaintiff sued for specific performance of the agreement. Defendant pleaded as a defense that they had sexual intercourse at different times after the agreement was executed and counterclaimed for the payments made. After extensive discovery both parties moved for summary judgment and following a hearing judgment was entered directing defendant to make the alimony payments agreed to.

MOSER v. MOSER

[96 N.C. App. 273 (1989)]

The judgment is erroneous because the testimony of plaintiff and defendant alike show that the parties had sexual intercourse several times between the execution of the Separation Agreement and Property Settlement and 1 June 1985, and under the law that existed when the acts of intercourse occurred, they rendered null and void the unperformed obligations of the agreement. *Murphy v. Murphy*, 295 N.C. 390, 245 S.E.2d 693 (1978). Though plaintiff contends otherwise, defendant is not estopped, under the holdings in *Amick v. Amick*, 80 N.C. App. 291, 341 S.E.2d 613 (1986), *Mayer v. Mayer*, 66 N.C. App. 522, 311 S.E.2d 659, *disc. rev. denied*, 311 N.C. 760, 321 S.E.2d 140 (1984), and *Harris v. Harris*, 50 N.C. App. 305, 274 S.E.2d 489, *appeal dismissed*, 302 N.C. 397, 279 S.E.2d 351 (1981), from asserting the invalidity of the agreement because he continued to make the payments for more than two years after the agreement was nullified by their conduct, as those decisions involved circumstances materially different from the circumstances recorded here and plaintiff suffered no legal detriment by receiving the payments. Nor is plaintiff's position aided by G.S. 52-10.2, which declares that "[i]solated incidents of sexual intercourse between the parties shall not constitute resumption of marital relations," as that enactment became effective 1 October 1987, more than two years after the occurrences involved.

Thus, the judgment appealed from is vacated and the matter remanded to the District Court for the entry of a judgment dismissing plaintiff's action and defendant's counterclaim, which the record shows has no legal basis.

Vacated and remanded.

Judges BECTON and LEWIS concur.