LUNDY LANGSTON, PLAINTIFF v. CHARLES E. JOHNSON, SR., DEFENDANT

No. COA00-28

(Filed 20 March 2001)

**Judgments— directive not in decretal portion—valid**

A judgment containing an unequivocal directive that defendant pay child support constituted a decree of the court even though the directive was not contained in the decretal portion of the judgment.

Judge McCullough concurring in the result.

Appeal by plaintiff from order filed 12 March 1999 by Judge Kenneth C. Titus in Durham County District Court. Heard in the Court of Appeals 13 February 2001.

*Tracy Hicks Barley & Associates, P.A., by Tracy Hicks Barley, for plaintiff-appellant.*

*Frances P. Solari for defendant-appellee.*

GREENE, Judge.

Lundy Langston (Plaintiff) appeals an order filed 12 March 1999, dismissing Plaintiff's motion for contempt against Charles E. Johnson, Sr. (Defendant).

The record shows that on 22 March 1991, Plaintiff filed a *pro se* verified complaint for divorce in Durham County, seeking an absolute divorce from Defendant and "further relief as the Court may deem

just and proper." Both parties were present at the hearing on Plaintiff's complaint. On 6 June 1991, the trial court filed a judgment containing the following pertinent findings of fact:

7. That there were two children, Tari Krystal Aquia Johnson, born November 20, 1974 and Charles Edward Johnson, Jr., born October 17, 1979, born of the marriage of . . . Plaintiff and Defendant.

8. That Plaintiff is granted sole physical custody of the children and Defendant is granted liberal visitation rights.

9. That both Plaintiff and Defendant are granted joint legal custody.

10. That Plaintiff is responsible for major medical for both children and Defendant will be responsible for amounts not covered.

11. That Defendant is responsible for life insurance for both children.

12. That both Plaintiff and Defendant are equally responsible for college tuition for both children.

13. That Defendant is to pay $340, monthly, in child support to Plaintiff.

The 6 June 1991 judgment concluded: "IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore existing between Plaintiff and Defendant be, and they . . . hereby are, dissolved, and Plaintiff and Defendant are granted an absolute divorce from each other."

On 31 July 1997, Plaintiff filed a Motion and Notice of Hearing for Modification of Child Support Order, which the trial court heard on 4 September 1997. The trial court subsequently ordered, *inter alia*, the following:

1. That . . . [D]efendant shall forward to [P]laintiff an amount of $31.00. This amount constitutes [D]efendant's current child support obligation through October, 1997, when the minor child, Charles Edward Johnson, Jr., born October 17, 1979, shall reach majority.

. . . .

3. That . . . [D]efendant is only obligated to pay one-half of the tuition per the previous court order entered between the parties on June 6, 1991.

. . . .

7. That . . . [D]efendant shall reimburse . . . [P]laintiff for one-half of the daughter's Fall, 1997, tuition at North Carolina State University.

In May 1998, Plaintiff filed a Motion to Show Cause for Failure to Pay Child Support, alleging Defendant had violated the 6 June 1991 judgment by failing to pay child support. The trial court thereafter issued an Order to Show Cause for Failure to Pay Child Support, stating that "there was probable cause that . . . Defendant is in contempt of Court in that he failed to pay $22,100.00 . . . in child support to . . . Plaintiff as he was ordered to do in the Order entered by this Court on June 6, 1991."

On 15 December 1998, the matter came before the trial court. Upon reviewing the court file and prior to the parties' arguments, the trial court found that, although the 6 June 1991 judgment contained findings of fact regarding child support, it "decreed and ordered only that the bonds of matrimony between the parties be dissolved" and there was no valid order regarding child support. The trial court, therefore, concluded it lacked jurisdiction to hear Plaintiff's motion for contempt. Accordingly, Plaintiff's motion was dismissed "due to a lack of jurisdiction by the court."

---

The dispositive issue is whether the trial court's 6 June 1991 judgment contained a valid order for Defendant to pay child support when the order requiring Defendant to pay child support was not contained in the decretal portion of the judgment.

Generally, a judgment is in a form that contains findings, conclusions, and a decree. The decretal portion of a judgment is that portion which adjudicates the rights of the parties. *See* 46 Am. Jur. 2d *Judgments* § 99 (1994). The failure to follow this precise form, however, is not fatal to the judgment. *Id.* § 83. "The sufficiency of a writing claimed to be a judgment is to be tested by its substance rather than its form." *Id.*; *see In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (appellate court not bound by trial court's classification of matter as a conclusion of law or a finding of fact).

· LANGSTON v. JOHNSON

[142 N.C. App. 506 (2001)]

In this case, the 6 June 1991 judgment contains an unequivocal directive that Defendant pay child support in the amount of $340.00 per month. Although this directive was not contained in the decretal portion of the judgment, it nonetheless constitutes a decree of the trial court. To hold otherwise would place form over substance, which this Court is not required to do.

Reversed and remanded.

Judge HUDSON concurs.

Judge McCULLOUGH concurs in result in separate opinion.

McCULLOUGH, Judge, concurring in the result.

I would also reverse the trial court's order, but on the grounds of equitable estoppel. The 6 June 1991 judgment was explicitly recognized as a child support order by both parties who were present when it was entered. Defendant also signed the order, thereby acknowledging his awareness of its contents. Both plaintiff and defendant reared their children and otherwise managed their affairs for seven years as if a valid order were in place. A subsequent order filed 12 January 1998 also acknowledged the 6 June 1991 order as a valid child support order. In his reply to plaintiff's Motion to Show Cause, defendant stated that he had "not willfully refused to make monthly child support payments as required under the previous and last order in this matter of June 6, 1991" and further, that "the parties both did not modify or change the previously entered court order, but rather, worked with one another based upon verbal agreement and physical locality of the child."

Under the facts of this case, defendant is equitably estopped from denying the validity of the 6 June 1991 order regarding defendant's duty to pay child support. In *Chance v. Henderson*, 134 N.C. App. 657, 663, 518 S.E.2d 780, 784 (1999), this Court held that, although the consent order entered by the trial court was invalid, defendant's subsequent actions "ratified and validated the Order," such that defendant was estopped from challenging the judgment. Where a party engages in positive acts that amount to ratification resulting in prejudice to an innocent party, the circumstances may give rise to estoppel. *Howard v. Boyce*, 254 N.C. 255, 265-66, 118 S.E.2d 897, 905 (1961). Further, " '[a] party who, with knowledge of the facts, accepts the benefits of a transaction, may not thereafter attack the validity of the transaction

to the detriment of other parties who relied thereon.' " *Yarborough v. Yarborough*, 27 N.C. App. 100, 105-06, 218 S.E.2d 411, 415, *cert. denied*, 288 N.C. 734, 220 S.E.2d 353 (1975) (quoting 3 Strong's N.C. Index 2d *Estoppel* § 4); *see also Amick v. Amick*, 80 N.C. App. 291, 294-95, 341 S.E.2d 613, 615 (1986) (defendant estopped from denying validity of separation agreement where plaintiff relied upon and performed obligations pursuant to terms thereof). In the instant case, defendant explicitly recognized and complied with (at least to some extent) the terms of the 6 June 1991 order for seven years. Nothing in the record indicates that defendant objected to or repudiated the order before the trial court, *sua sponte*, rejected the judgment as invalid as to child support.

Further, it is a well-established principle of law in North Carolina that no appeal lies from one superior court judge to another. *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987). The same rule also applies to district court judges. *Johnson v. Johnson*, 7 N.C. App. 310, 313, 172 S.E.2d 264, 266 (1970). Accordingly, one district court judge may not correct errors of law committed by another; such errors may only be corrected by an appellate court. *See id.* The 12 January 1998 order clearly recognized the validity of the 6 June 1991 child support order. By rejecting the 6 June 1991 order as invalid as to child support, the trial court also implicitly and unacceptably modified the 12 January 1998 order regarding defendant's child support obligations. Defendant did not appeal the 12 January 1998 order, which specifically references defendant's child support obligations under the previous 6 June 1991 judgment.

Upon fully reviewing the pleadings, the orders, and the parties' subsequent behavior pursuant to the orders, it is clear that both parties intended that defendant should pay monthly child support. I would hold that defendant is equitably estopped from denying the validity of the 6 June 1991 order and accordingly reverse the trial court's dismissal of plaintiff's motion for contempt.